**John C. BARBER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 13653.

United States Court of Appeals
Sixth Circuit.

Nov. 4, 1959.

Clifford E. Enger, Beverly Hills, Cal. (Leo W. Grant, Jr., Clinton, Tenn., on the brief), for appellant.

Fred Elledge, Jr., and R. Hunter Cagle, U S. Atty., Nashville, Tenn., on the brief, for appellee

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

The appeal in this case is from a jury verdict of guilty as charged in an indictment for unlawful income tax evasion and sentence pronounced thereon of fifteen months' imprisonment and $500 in fines.

After hearing the oral arguments of counsel and considering the briefs and the three-volume record in the case, we find no merit whatever in the appeal. Indeed, in the circumstances, the appeal could be classified as frivolous. The evidence adduced by the government was ample to support the verdict of guilty. See Ross v. United States, 6 Cir., 197 F.2d 660, 664, 665, certiorari denied 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648; Gariepy v. United States, 6 Cir., 220 F.2d 252, 258, certiorari denied 350 U.S. 825, 76 S.Ct. 53, 100 L.Ed. 737.

There is no point to the argument of appellant that the district court erred in permitting the expert witness, Leibowitz, to identify and explain charts summarizing his testimony and that of other witnesses. In United States v. Johnson, 319 U.S. 503, 519, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546, the Supreme Court said: " * * * The worth of our jury system is constantly and properly extolled, but an argument such as that which we are rejecting tacitly assumes that juries are too stupid to see the drift of evidence. The jury in this case could not possibly have been misled into the notion that they must accept the calculations of the government expert any more than that they were bound by the calculations made by the defense's expert based on the defendants' assumptions of the case. So long as proper guidance by a trial court leaves the jury free to exercise its untrammeled judgment upon the worth and weight of testimony, and nothing is done to impair its freedom to bring in its verdict and not someone else's, we ought not be too finicky or fearful in allowing some discretion to trial judges in the conduct of a trial and in the appropriate submission of evidence within the general framework of familiar exclusionary rules."

The argument that the defendant here was not sufficiently identified is, on the evidence in the case, completely without merit.

The verdict of the jury being abundantly supported by substantial evidence and there being found no prejudicial error in the record, the judgment of conviction and sentence is affirmed.