**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis D. HERRING,**
**Defendant–Appellant.**

**No. 89–7693.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 13, 1990.

Susan G. James, Jeffery G. Duffey, Montgomery, Ala., for defendant-appellant.

James E. Wilson, U.S. Atty., Kent B. Brunson, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and SMITH *, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this case, we affirm the district court's ruling that 18 U.S.C. § 1001 is a proper statutory basis for the prosecution of one who receives Georgia Unemployment Insurance benefits as the result of filing false statements in the application for such benefits.

## FACTS

On January 14, 1987, Dennis D. Herring, the appellant, applied for unemployment insurance benefits from the Georgia Department of Labor. Herring stated on the application that he left his last job in Tucson, Arizona, for lack of work and was unemployed for the week prior to January 14th. Herring, however, began working for an Ohio construction company on January 12, 1987.

Based on his original application, Herring made four subsequent requests for and received unemployment compensation from the Georgia Department of Labor while he was gainfully employed. The Georgia Department of Labor paid Herring a total of $870 in unemployment insurance benefits using Georgia state funds. During a Department of Labor investigation involving State Unemployment Insurance Programs, Herring's false statements were discovered. The United States Secretary of Labor has approved Georgia's unemployment program, and Georgia receives federal funding for administrative costs from the United States Secretary of Labor.

## PROCEDURAL HISTORY

In April, 1989, a grand jury indicted Herring on five counts of knowingly and willfully making false statements to an agency of the United States, in violation of 18 U.S.C. § 1001. On June 21, 1989, Herring pleaded not guilty to all counts, and the district court set the case for trial. Five days before trial, Herring pleaded guilty to

Count I, and the United States dismissed Counts II through V. The district court set sentencing for August 2, 1989.

On August 1, 1989, the district court granted Herring's motion to continue sentencing upon Herring's discovery of the May 9, 1989 decision in *United States v. Facchini*, 874 F.2d 638 (9th Cir.1989). On August 29, 1989, relying on *Facchini*, Herring filed a motion to dismiss the indictment for failure to state a crime within the jurisdiction of the United States. The district court denied Herring's motion to dismiss and sentenced him to 2 years probation and $870 in restitution to the Georgia Department of Labor.

On August 31, 1989, Herring filed a motion to modify his guilty plea to a conditional guilty plea. On September 5, 1989, the district court issued a written order denying Herring's motion to dismiss the indictment and changing Herring's plea to a conditional guilty plea.

## CONTENTIONS

Herring contends that the district court erred in denying his motion to dismiss the indictment. He argues that 18 U.S.C. § 1001 does not confer federal jurisdiction to prosecute individuals who make false statements on an application for state unemployment benefits.

The United States contends that the district court correctly denied Herring's motion to dismiss the indictment. The United States argues that federal jurisdiction exists under 18 U.S.C. § 1001 because the Georgia Department of Labor receives funding from the United States Department of Labor.

## ISSUE

Herring presents one issue on appeal: whether the district court erred in denying his motion to dismiss the indictment brought pursuant to 18 U.S.C. § 1001 for

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designa- tion.

false statements made to the Georgia Department of Labor.

## DISCUSSION

■ Title 18 U.S.C. § 1001 states in full: Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willingly falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both.

A conviction under section 1001 requires proof of five elements: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction. *United States v. Lawson*, 809 F.2d 1514, 1517 (11th Cir. 1987) (citing *United States v. Lange*, 528 F.2d 1280 (5th Cir.1978)). Only jurisdiction and materiality are at issue in this case.

### A. Jurisdiction

■ Herring contends that the federal government lacks jurisdiction to prosecute him for false statements made to a state agency. According to Herring, jurisdiction exists under section 1001 only upon a showing of a direct relationship between the false statement and an authorized function of the federal agency or department. *United States v. Facchini*, 874 F.2d 638 (9th Cir.1989). Relying extensively on *Facchini*, Herring argues that although the Georgia Department of Labor receives federal funds from the United States Department of Labor for administrative purposes, his false statements did not affect an authorized function of the United States Department of Labor.

In *Facchini*, the Ninth Circuit, sitting en banc, addressed the application of section 1001 to a similar Department of Labor investigation involving State Unemployment Insurance Programs. The court stated that even though jurisdiction may exist under section 1001 when the false statement is not made directly to a federal agency and when the federal agency is not financially affected by the false statement, courts have refused to find jurisdiction unless a direct relationship exists between the false statement and an authorized function of a federal agency or department. *Facchini* at 641. The Ninth Circuit reasoned that although the state received funds from the United States Secretary of Labor, the Secretary is authorized to monitor only the administrative structure of the program and is not empowered to act on fraudulent claims for state unemployment benefits. *Facchini* at 642. Therefore, false statements to obtain state unemployment funds are not within the proscriptions of section 1001.

In *Facchini*, the Ninth Circuit narrowly construed the jurisdiction requirement of section 1001 to encompass only false statements with a direct nexus to an authorized function of a federal agency or department. The Ninth Circuit based its jurisdictional conclusion on the technical distinction of the Secretary of Labor's administrative involvement rather than operational involvement in the state unemployment programs. We reject the Ninth Circuit's narrow and technical definition of section 1001 jurisdiction.

Herring cites 18 U.S.C. § 1919, which makes false statements to obtain unemployment benefits for federal services a federal crime, to further support his lack of jurisdiction argument. Because section 1919 was enacted after section 1001, Herring argues that Congress intended to limit section 1001 to false statements made for federal benefits.

In this case, the Georgia Department of Labor operates under an unemployment law approved by the United States Secretary of Labor. Title 42 U.S.C. § 502 requires the Secretary to pay administrative funds to approved state unemployment programs from the United States Treasury. (Supp.1990). Before paying the administrative funds, section 503(a) requires the Secretary to review the state law and find that the state unemployment plan can make full payment of unemployment compensation

when due. Section 503 also provides administrative guidelines for state agencies approved under section 502(a). (Supp. 1990).

The Georgia Department of Labor receives federal funds from the United States Department of Labor for administrative costs, including salaries and office expenses. The department is subject to the administrative guidelines of section 503 before receiving federal funds from the Secretary of Labor. Additionally, an unemployed worker, such as Herring, who left his job in Tucson, Arizona, may file for and receive benefits on an interstate basis.

■ The United States Supreme Court has stated that jurisdiction within the meaning of section 1001 should not be narrowly or technically defined. *United States v. Rodgers*, 466 U.S. 475, 480, 104 S.Ct. 1942, 1996, 80 L.Ed.2d 492 (1984). Moreover, this court has held that false statements need not be presented to an agency of the United States and that federal funds need not actually be used to pay a claimant for federal agency jurisdiction to exist under section 1001. *United States v. Suggs*, 755 F.2d 1538, 1542 (11th Cir.1985).

In *Suggs*, the defendant was convicted of falsifying Georgia Department of Labor travel vouchers in violation of 18 U.S.C. § 1001. The defendant challenged his conviction on several grounds including lack of jurisdiction. In affirming the conviction, this court found that a state agency's use of federal funds is generally sufficient to establish jurisdiction under section 1001. *Suggs*, 755 F.2d at 1542 (citing *United States v. Baker*, 626 F.2d 512, 515 (5th Cir.1980)). *Suggs* is controlling.

■ Furthermore, we find Herring's reliance on the enactment of section 1919 unpersuasive. In *United States v. Burnett*, 505 F.2d 815, 816 (9th Cir.1974), the court, after examining the legislative history of section 1919, rejected the appellant's argument that section 1919 implicitly repealed the general false statement provision of section 1001. Similarly, we reject Herring's argument that the mere enactment of section 1919, without more, limits

section 1001 to false statements made to obtain federal funds.

B. Materiality

Herring next questions the material effects of his statements to the Georgia Department of Labor on the United States government. He argues that his statements did not intrinsically influence the United States Department of Labor's actions because the federal government plays only a limited role in Georgia's unemployment program. Therefore, prosecuting individuals for fraudulent receipt of state funds under section 1001 violates the notice requirement of the due process clause of the United States Constitution.

■ The test for determining materiality under section 1001 is whether the false statement has the capability of affecting or influencing the exercise of a government function. *United States v. Fern*, 696 F.2d 1269 (11th Cir.1983). Materiality is satisfied even if the federal government was not actually influenced by the false statements. *Fern* at 1273. The false statements need not be made directly to the federal agency to sustain a section 1001 conviction as long as federal funds are involved. *United States v. Suggs*, 755 F.2d at 1542.

■ In the instant case, Herring received $870 in state unemployment benefits as a result of his false statements. Payment of fraudulent claims frustrates the function of the Georgia unemployment law because such claims are outside the proper and efficient administration of the law. Additionally, the administrative costs involved in processing and paying Herring's unemployment compensation were paid to the Georgia Department of Labor by the Secretary of Labor pursuant to 42 U.S.C. § 502(a). The Secretary has an obligation to ensure that the substantial sums the federal government spends to provide an unemployment compensation program are not depleted through false claims which might misdirect or corrupt the functioning of a governmental agency. Consequently, Herring's false statements to the Georgia Department of Labor had the intrinsic ca-

pability of influencing the Secretary of Labor in administering the federal unemployment funds.

We further reject Herring's lack of notice argument. As we stated in *Suggs,* notice of the federal agency's involvement in the state unemployment program is not an essential element of a section 1001 conviction.

## CONCLUSION

We hold that the district court properly denied Herring's motion to dismiss the indictment. Section 1001 is the proper vehicle for prosecuting individuals who make false statements on applications for state unemployment benefits. Accordingly, we affirm the district court.

AFFIRMED.