No. 90–7825. WINDLE v. MARYLAND. Ct. Sp. App. Md. Certiorari denied.

No. 90–7827. GARDINER v. UNITED STATES. C. A. 8th Cir. Certiorari denied.

No. 90–7829. KRECH v. UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 90–7831. JORDAN v. UNITED STATES. C. A. 8th Cir. Certiorari denied.

No. 90–7834. MITCHELL v. UNITED STATES. C. A. 11th Cir. Certiorari denied.

No. 90–7843. SALAHUDDIN v. RONE, WARDEN. C. A. 6th Cir. Certiorari denied.

No. 90–7852. AYCOX v. UNITED STATES. C. A. 10th Cir. Certiorari denied.

No. 90–7856. JENNINGS v. UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 90–1530. PAN AM CORP. ET AL. v. SECTION 1110 PARTIES ET AL. C. A. 2d Cir. Motion of American Association of Equipment Lessors for leave to file a brief as amicus curiae granted. Certiorari denied.

No. 90–7163. HERRING v. UNITED STATES. C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

The question presented in this case is the scope of federal jurisdiction under 18 U. S. C. § 1001, which criminalizes the making of false statements "in any matter within the jurisdiction of any department or agency of the United States." Petitioner was convicted under that statute for making false statements on an application for Georgia state unemployment insurance benefits. The state program is certified by the United States Department of Labor to receive federal funds which are used only for administrative expenses, not for benefits. Receipt by the state program of these federal funds entitles the Department of Labor to oversee whether the state program's administrative structure complies with federal requirements, but does not entitle it to monitor the