No. 90–7163. HERRING v. UNITED STATES. C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

The question presented in this case is the scope of federal jurisdiction under 18 U. S. C. § 1001, which criminalizes the making of false statements "in any matter within the jurisdiction of any department or agency of the United States." Petitioner was convicted under that statute for making false statements on an application for Georgia state unemployment insurance benefits. The state program is certified by the United States Department of Labor to receive federal funds which are used only for administrative expenses, not for benefits. Receipt by the state program of these federal funds entitles the Department of Labor to oversee whether the state program's administrative structure complies with federal requirements, but does not entitle it to monitor the

program's operation or award of benefits. The Department of Labor is also entitled to receive information about benefit claimants as part of the certification process, but it cannot withhold certification based on the state program's payment of fraudulent claims. Petitioner's false statements were discovered during an investigation of the state program by the Department of Labor.

The trial court rejected petitioner's claim that the statute did not confer federal jurisdiction over his conduct. Petitioner then entered a conditional guilty plea and was sentenced to one year in prison, which was suspended, and two years' probation. In affirming petitioner's conviction, the United States Court of Appeals for the Eleventh Circuit determined that its prior decision in *United States* v. *Suggs*, 755 F. 2d 1538 (1985), was controlling. See 916 F. 2d 1543 (1990). In *Suggs*, the court had held that the use of federal funds by a state agency is generally sufficient to establish federal jurisdiction under § 1001. 755 F. 2d, at 1542. The court in the instant case recognized, however, that the Court of Appeals for the Ninth Circuit has reached a contrary result on similar facts. In *United States* v. *Facchini*, 874 F. 2d 638 (1989) (en banc), that court declared that jurisdiction under § 1001 does not exist "unless a direct relationship obtains between the false statement and an authorized function of a federal agency or department," *id.*, at 641, and that because the Department of Labor has no power to control the award of state unemployment benefits, this direct relationship is lacking, *id.*, at 641–642.

Respondent United States also acknowledges the conflict between the Eleventh Circuit and the Ninth Circuit, but asserts that the issue does not merit review both because it arises infrequently and because the Justice Department has determined that it is inappropriate for the Department of Labor to investigate false statements on state applications for unemployment benefits, so that future prosecutions are unlikely. Although the Government maintains that the Eleventh Circuit was correct in determining that federal jurisdiction exists, the asserted position of the Justice Department suggests otherwise. If the Eleventh Circuit's view is indeed erroneous, then petitioner has been convicted for conduct which is not a federal crime, and for which he would not have been convicted had his prosecution arisen in the Ninth Circuit. I would grant certiorari to resolve the conflict.