[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12139

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00263-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY B. AMSTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 10, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

After Gary Amster lied about receiving the Congressional Medal of Honor

so that he could receive government benefits to which he was not entitled, he was

convicted of one count of making a false statement to the government, 18 U.S.C. § 1001(a)(2), and two counts of violating the Stolen Valor Act, 18 U.S.C. § 704(b), (c). In this appeal, Amster raises two issues: (1) whether sufficient evidence supports his conviction for making a false statement to the government and (2) whether his other convictions should be vacated because the Stolen Valor Act violates the right to free speech protected by the First Amendment. We conclude that the government presented sufficient evidence for a reasonable jury to find that Amster made a false statement to the government. But in the light of the recent decision of the Supreme Court in United States v. Alvarez, --- S. Ct. ----, No. 11-210, 2012 WL 2427808 (2012), that the Stolen Valor Act is facially unconstitutional, we vacate Amster's convictions under the Act. We affirm in part and vacate in part.

## I. BACKGROUND

Amster served in the Army during Vietnam but never saw combat. For his service in Vietnam, Amster received the National Defense Service Medal, the Vietnam Service Medal, and the Vietnam Campaign Medal. Most veterans who served in Vietnam received these honors. Amster did not receive the Medal of Honor or any other award for valor.

In 2005, Amster requested that the Department of Veterans Affairs send him

2

his DD-214 form. The Department of Defense maintains DD-214 forms for former service members. The form summarizes major data with respect to a service member's military history, such as honors and awards.

Amster altered his DD-214 form to reflect that he received the Medal of Honor. On September 28, 2007, Amster recorded the falsified DD-214 form with the circuit court clerk of Brevard County, Florida. In November 2007, Amster sent a copy of the altered DD-214 form to Katrina Blas, an employee of Disabled American Veterans. Additionally, on April 14, 2008, Amster called Veterans Affairs to determine the status of a pending claim. During the call, Amster told a representative that he had submitted paperwork to Veterans Affairs establishing that he had received the Medal of Honor, and he asked that his records be updated. The Veterans Affairs representative entered a note in the computer system for the Department stating that Amster received the Medal of Honor.

The President has the power to "award, and present in the name of Congress, a medal of honor . . . to a person who, while a member of the Army, distinguished himself conspicuously by gallantry and intrepidity at the risk of his life above and beyond the call of duty . . . while engaged in an action against an enemy of the United States; [or] while engaged in military operations involving conflict with an opposing force . . . ." 10 U.S.C. § 3741. The Medal of Honor is

3

the highest award for gallantry in combat awarded by the United States. Only 161 soldiers who served in Vietnam received the Medal of Honor. Veterans Affairs must pay Medal of Honor recipients a substantial monthly pension.

At trial, Lieutenant Colonel Stewart Stephenson testified for the government. Stephenson is the chief of the United States Army Human Resources Command Awards and Decorations Branch. Stephenson explained the extensive process for awarding Medals of Honor:

> Ideally, the Medal of Honor recommendation will come from somebody with personal knowledge of the action or the event of heroism. They will be processed up through the war time chain of command. Ultimately, they'll get to our office, we will review it. From our office, it goes to the Pentagon, through the Secretary of Defense and the Joint Chiefs of Staff, and ultimately ends up in the White House for Presidential approval.

Stephenson further explained that "[e]ach [armed] service Secretary has the responsibility for maintaining a roll of all of the [Medal of Honor recipients] for that individual service," and that his office maintained the Medal of Honor roll for the Army.

Collette Burgess testified that she had worked for Veterans Affairs for 13 years. Veterans Affairs employs Burgess as an "assistant service center manager," which Burgess described as "a management position." Burgess explained that,

when a veteran notifies Veterans Affairs that he received the Medal of Honor, the Department, "search[es] the Medal of Honor roll which is maintained by the Center for Military History in order to determine whether or not that person is, in fact, listed on the roll of [the] Medal of Honor." Burgess also stated that, "the Secretary of the branch of service that granted the Medal of Honor would send [a confirmation] to the Secretary of Veterans Affairs and we would get the correspondence from–we would get the certificate, we would get correspondence from the branch of service that says it's awarded."

With respect to Amster, Burgess testified that "[w]e looked at the Medal of Honor roll, we reviewed the file, we reviewed the official military personnel file that we had in our records to see if [confirmation that Amster received the Medal of Honor] was in there, and none of that correspondence was there." Although the government concedes that Burgess reviewed Amster's file after learning that Amster was under investigation, Burgess testified that the Department would have taken these steps as part of the regular claims process even if she had not been notified of the investigation.

Jennifer Biglow testified that on April 14, 2008, she spoke with Amster over the telephone and that he stated that he had received the Medal of Honor. As a result of Amster's misrepresentation, Biglow entered this false information into

5

the computer system for Veterans Affairs. She testified that she entered "CONGR. MEDAL of HONOR" in all capital letters because the Medal of Honor is "special, it's very rare," and she wanted to ensure that anyone looking through the computer system for the status of Amster's pending claims would be aware of this information.

At the close of the government's case-in-chief, Amster moved the district court for a judgment of acquittal. Amster maintained that the district court should acquit him as to counts one and two for reasons not relevant to this appeal. Amster then argued that the government failed to introduce sufficient evidence to prove that the false statement charged in count three was material. After hearing oral argument from both parties, the district court denied Amster's motion. The jury convicted Amster on all counts.

After trial, Amster timely renewed his motion for a judgment of acquittal. Amster again asserted that the evidence was insufficient to support the materiality element of the false statement charge. Amster then asserted for the first time that the Stolen Valor Act was unconstitutional. The district court denied Amster's motion on the ground that, "[t]he evidence, when viewed in the light most favorable to the Government, was more than sufficient to sustain the jury's determination to find Defendant guilty beyond a reasonable doubt as to all three

6

counts of the [superseding] indictment." The district court summarily rejected Amster's constitutional challenge to the Stolen Valor Act. The district court sentenced Amster to concurrent one-year terms of probation for counts one and two of the superseding indictment and to a five-year term of probation for count three of the superseding indictment.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. "We review de novo [the] district court's denial of judgment of acquittal on sufficiency of evidence grounds." United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). We consider the evidence in the light most favorable to the government, and we draw all reasonable inferences in favor of the government. Id. "If a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt, we will affirm the verdict." Id. "We review the constitutionality of statutes de novo." United States v. Phaknikone, 605 F.3d 1099, 1107 (11th Cir. 2010).

## III. DISCUSSION

We divide our discussion in two parts. We first address whether sufficient evidence supported Amster's conviction for making a false statement. We then address whether the Stolen Valor Act violates the right to free speech protected by the First Amendment.

*A. Sufficient Evidence Supports Amster's Conviction for Making a False Statement.*

Count three of the superseding indictment alleged that Amster knowingly and willfully made a materially false statement in a matter within the jurisdiction of the executive branch of the federal government when he told an employee of Veterans Affairs that he had been awarded the Medal of Honor. Section 1001(a)(2) states that "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement . . . shall be fined under this title, imprisoned not more than 5 years . . . or both." 18 U.S.C. § 1001(a)(2). "To sustain a conviction [under this statute], the government must prove (1) that a statement was made; (2) that it was false; (3) that it was material; (4) that it was made with specific intent; and (5) that it was within the jurisdiction of an agency of the United States." United States v. Boffil-Rivera, 607 F.3d 736, 740 (11th Cir. 2010).

Amster does not dispute that the government proved beyond a reasonable doubt that he made a statement, that the statement was false, or that he made the statement with specific intent. Amster challenges the sufficiency of the evidence

8

with respect to the materiality and jurisdictional elements of section 1001. We address the sufficiency of the evidence as to both elements in turn.

### 1. Amster Made A Material False Statement.

Amster argues that his false assertion to Veterans Affairs that he received the Medal of Honor was not material because Veterans Affairs "performs its duties according to law and is not sidetracked by any comments that a veteran might make." The government responds that Amster's false statement was material because it could have caused Veterans Affairs to waste time and resources investigating whether Amster received the Medal of Honor.

The legal standard of materiality is well-settled:

> Deciding whether a statement is "material" requires the determination of at least two subsidiary questions of purely historical fact: (a) "what statement was made?" and (b) "what decision was the agency trying to make?" The ultimate question: (c) "whether the statement was material to the decision," requires applying the legal standard of materiality . . . to these historical facts."

United States v. Gaudin, 515 U.S. 506, 512, 115 S. Ct. 2310, 2314 (1995). "The statement must have a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." Boffil-Rivera, 607 F.3d at 741. "The government is not required to prove that the statement had actual influence." Id. "The false statement must simply have the

capacity to impair or pervert the functioning of a government agency." Id. (internal quotation marks omitted). "The statement does not have to be relied upon and can be material even if it is ignored and never read." Id. at 742 (citing United States v. Diaz, 690 F.2d 1352, 1358 (11th Cir. 1982)). The parties do not dispute that Amster falsely represented to Veterans Affairs that he received the Medal of Honor.

The evidence at trial was sufficient for the jury to find that Amster's false statement was material. As Burgess testified, when a veteran notifies Veterans Affairs that he received the Medal of Honor, the Department, "search[es] the Medal of Honor roll which is maintained by the Center for Military History in order to determine whether or not that person is, in fact, listed on the roll of [the] Medal of Honor." If a veteran is listed on the Medal of Honor roll, Veterans Affairs is required to pay the veteran a substantial monthly pension. Although the government concedes that Veterans Affairs conducted an investigation into whether Amster had received the Medal of Honor only after it learned that Amster was under investigation, this Court has previously held that the false statement "does not have to be relied upon and can be material even if it is ignored and never read." Id.

2. Amster's False Statement Was Within the Jurisdiction of Veterans Affairs.

10

Amster contends that the evidence presented at trial was insufficient for a reasonable jury to find that Amster's false statement fell within the jurisdiction of Veterans Affairs. Amster argues that Veterans Affairs lacks the authority to determine who is entitled to the Medal of Honor. This argument fails.

"The United States Supreme Court has stated that jurisdiction within the meaning of section 1001 should not be narrowly or technically defined." United States v. Herring, 916 F.2d 1543, 1547 (11th Cir. 1990) (citing United States v. Rodgers, 466 U.S. 475, 480, 104 S. Ct. 1942, 1996 (1984)). As the Supreme Court has explained, "the phrase 'within the jurisdiction' merely differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body." Rodgers, 466 U.S. at 479, 104 S. Ct. at 1946. "[Section 1001] is necessarily couched in very broad terms to encompass the variety of deceptive practices which ingenious individuals might perpetrate upon an increasingly complex government." United States v. Gafyczk, 847 F.2d 685, 690 (11th Cir. 1988) (quoting United States v. Massey, 550 F.2d 300, 305 (5th Cir. 1977)) (internal quotation marks omitted) (alteration in original).

The evidence produced at trial was sufficient for the jury to find that the jurisdictional element was satisfied. As Burgess testified, after a veteran asserts that he is a recipient of the Medal of Honor, Veterans Affairs must determine

11

whether the assertion is valid.  Based on this evidence, the jury could have reasonably found that determining who has been awarded the Medal of Honor is an "official, authorized function[] of [Veterans Affairs]" and is not "peripheral to the business of that body."  Rodgers, 466 U.S. at 479, 104 S. Ct. at 1946.

*B.  The Stolen Valor Act is Unconstitutional.*

Counts one and two of the superseding indictment alleged that Amster violated the Stolen Valor Act when he falsely claimed on two occasions that he had received the Medal of Honor.  Amster argues that the Stolen Valor Act is facially unconstitutional as a content-based regulation of protected speech.   In the light of the recent decision of the Supreme Court in United States v. Alvarez, --- S. Ct. ----, No. 11-210, 2012 WL 2427808 (2012), that the Stolen Valor Act is facially unconstitutional, we agree.

**IV. CONCLUSION**

We **AFFIRM** in part Amster's judgment of conviction and sentence for making a false statement to the government, and we **VACATE** in part Amster's judgment of convictions and sentences for violating the Stolen Valor Act.

12