**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Apostolos G. CHAKMAKIS, Defendant-Appellant.**

**No. 71-1300
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 13, 1971.

Rehearing Denied Nov. 23, 1971.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir., 1970, 431 F. 2d 409, Part I.

**316**

Richard R. Booth, Aronovitz, Silver & Booth, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Richard A. Hauser, by Bruce Wagner, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before WISDOM **, COLEMAN, and SIMPSON, Circuit Judges.

** Judge Wisdom participated in the decision to place this case on the Summary Calendar and to affirm the judgment of the court below. He did not participate in the preparation or rendition of this opinion, 28 U.S.C. § 46(d).

1. § 1001. Statements or entries generally

Whoever, in any matter within the jurisdiction of any department or agency of

## PER CURIAM:

Dr. Apostolos G. Chakmakis was convicted on four counts of violating 18 U.S. C., § 1001,[1] to-wit, the filing of false and fraudulent applications for payment for professional services rendered Medicare patients under the Social Security Act. He was sentenced to serve thirty days in the penitentiary consecutively on each of the counts. Maximum sentence could have been twenty years and a fine of $40,000. We affirm.

The appellant says that he should have been indicted and prosecuted under another Section of the Code, i. e., 42 U.S.C., § 408(c), which was enacted subsequently to 18 U.S.C., § 1001 and which denominates the conduct charged as a misdemeanor only. Leaving aside the fact that the defendant was sentenced as for a misdemeanor, it is quite clear that the enactment of the later section did not repeal the former and that the facts of the alleged offense fell within the terms of either statute. Hence, the prosecution could have been brought under either, at the discretion of the prosecutor. Bartlett v. United States, 10 Cir., 1948, 166 F.2d 920, 926; Hopkins v. United States, 9 Cir., 1969, 414 F.2d 464; Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481, 485; United States v. Cox, 5 Cir., 1965, 342 F.2d 167, 171, cert. den., Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700.

The evidence for the Government was based on written applications on file at the proper office bearing the purported signature of Dr. Chakmakis. These documents were introduced in the absence of objection. Thereafter, they were examined on the witness stand by

the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

various patients who identified themselves as the individuals named and who testified that they had been treated by the defendant, but not on the dates named nor in some instances for the maladies stated. It is now complained, on appeal, that the signatures of the Doctor were not specifically shown to have been true and genuine. Obviously, the defendant could have demanded that proof had he seen fit to do so. He chose not to question authenticity. In the absence of objection below, the point cannot be raised here unless it is plain error, resulting in injustice or a denial of substantial rights, see e. g., Bendelow v. United States, 5 Cir., 1969, 418 F.2d 42, Rule 52, Federal Rules of Criminal Procedure.

Other points raised by appellants are similarly lacking in merit.

The judgment of the District Court is

Affirmed.