**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roosevelt   CARTER,
Defendant-Appellant.**

No. 75–2933.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1976.

Robert S. Windholz, J. M. Salome, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Glenna L. Stone, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM and GEWIN, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

Roosevelt Carter was convicted on three counts of violating 18 U.S.C. § 1001 (making false statements to an agency of the United States). A directed verdict of acquittal was granted as to a fourth count charging a violation of 18 U.S.C. § 1014.

On appeal, Carter asserts that his prosecution under 18 U.S.C. § 1001 was improper because that statute was impliedly repealed by 15 U.S.C. § 645(a). He also claims that the trial judge erred in denying his motion for a mistrial based on alleged improper questioning of a government witness by the Assistant United States Attorney. We find both grounds of appeal without merit, and affirm Carter's conviction.

*Pertinent Facts*

Carter applied for a Small Business Administration (hereinafter S.B.A.) bonding program in June of 1973. As part of his bonding application he was required to fill out S.B.A. Form 912, a statement of personal history. Because Carter changed the name of his company, he filled out a new 912 form on November 5, 1973. He later changed surety companies and agents, and filled out another 912 form in April of 1974.

On all three of the form 912's, Carter answered no to questions Nos. 6, 7 and 8 asking whether or not applicant was un-der indictment or parole or probation, had ever been charged with or arrested for a criminal offense other than a minor traffic violation, and whether applicant had ever been convicted of any criminal offense other than a minor traffic violation. The indictment in this case followed because Carter had previously pled guilty, on August 13, 1969, to one count of a three-count indictment charging violations of 18 U.S.C. § 1001 in relation to a false statement given to the S.B.A. on a loan application. Carter had applied for a $25,000 loan; after it became delinquent the S.B.A. determined that the stated purpose for the loan as given on the application filled out and filed by him was false, and the indictment to which he pled guilty was filed. He received a one year sentence.

After his conviction in this case, Carter was sentenced in July of 1975 for a period of two years on each of the three counts, the sentences to run concurrently with each other.

*I.* Carter argues that enactment of 15 U.S.C. § 645(a), dealing with false statements contained in applications to the S.B.A., impliedly repealed 18 U.S.C. § 1001, which covers false statements made in connection with any matter within the jurisdiction of any department or agency of the United States.[1] He concedes that there was no express repeal, but submits that § 645(a) repeals § 1001 to the extent of any inconsistency in substance or penalty.

We find no inconsistency between the statutes which could lead us to accept

---

1. 18 U.S.C. § 1001 states:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

15 U.S.C. § 645(a) states:

"Whoever makes any statement knowing it to be false, or whoever wilfully overvalues any security, for the purpose of obtaining for himself or for any applicant any loan, or extension thereof by renewal, deferment of action, or otherwise, or the acceptance, release, or substitution of security therefor, or for the purpose of influencing in any way the action of the Administration, or for the purpose of obtaining money, property, or anything of value, under this chapter, shall be punished by a fine of not more than $5,000, or by imprisonment for not more than two years, or both."

appellant's argument. Many statutes in the Criminal Code overlap, and the government may elect the provision under which it wishes to proceed. *Ehrlich v. United States,* 238 F.2d 481 at 485 (5th Cir. 1956). Although we recently indicated a preference for prosecution under specific false statements statutes, we declined to reverse the conviction on grounds that 18 U.S.C. § 1001 had been chosen for prosecution, *United States v. Beer,* 518 F.2d 168 (5th Cir. 1975).

The offenses defined in the statutes are not identical, and involve different elements. § 1001 requires a showing of materiality of the statement made. *United States v. Krause,* 507 F.2d 113 (5th Cir. 1975). § 645(a) requires that the false statement be made for the purpose of influencing the action of the S.B.A., and does not require the government to show that the particular statement would have, in fact, affected the action of the S.B.A. Congress did not indicate any intent that § 645(a) supplant § 1001; there being no repugnancy in the subject matter of the two statutes, we follow a number of previous decisions resolved against arguments similar to appellant's. See *United States v. Gilliland,* 312 U.S. 86 at 95–96, 61 S.Ct. 518, 85 L.Ed. 598 (1941); *Corcoran v. United States,* 229 F.2d 295 (5th Cir. 1956); *Ehrlich v. United States,* 238 F.2d 481 (5th Cir. 1956); *United States v. Chakmakis,* 449 F.2d 315 (5th Cir. 1971). Because his prosecution and conviction under § 1001 were entirely proper, Carter's request that we remand his case for resentencing under § 645(a) is denied. In any event, his two year term comes within the maximum sentence allowable under § 645(a).

*II.* On the first day of the three-day trial, a government witness employed by the S.B.A. testified that one of the six bonds issued for Carter was in default. The Court later sustained defense counsel's objection as to future questions concerning the default status of Carter's obligations.

Subsequently, government witness Rucker testified as to his business dealings with Carter, and referred to the excluded area of Carter's failure to meet his commitments. Appellant claims Rucker's testimony resulted from improper conduct by the prosecution. A thorough reading of the record shows that the witness' answer was not solicited by the Assistant United States Attorney, nor was it responsive to the specific question asked. When Rucker's response went beyond the question, the government attorney asked him not to answer any further. The trial judge denied defense counsel's motion for mistrial, and gave immediate curative instructions, thereby correcting any prejudice created by Rucker. In view of the strong evidence of guilt, any prejudicial effect of improper matter is deemed insubstantial. *United States v. Arenas-Granada,* 487 F.2d 858 (5th Cir. 1973). We are unable to find error on the part of the trial judge.

Affirmed.