UNITED STATES of America, Appellee,

v.

**John H. GORDON, Appellant.**

No. 76–1497.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1977.

Decided Jan. 14, 1977.

Damon Young, Texarkana, Ark., and Harry B. Friedman, Texarkana, Tex., for appellant; Harkness, Friedman & Kusin, Texarkana, Tex., and Young, Patton & Filsom, Texarkana, Ark., on brief.

J. Michael Fitzhugh, Fort Smith, Ark. for appellee; Robert E. Johnson, U.S. Atty., and J. Michael Fitzhugh, Asst. U.S. Atty., Fort Smith, Ark., on brief.

Before LAY, ROSS and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

John Gordon was convicted on five counts of knowingly making false and material

statements for the purpose of obtaining Medicare payments in violation of 18 U.S.C. § 1001. Gordon was also convicted on ten counts of making false and material statements for the purpose of obtaining Medicare payments in violation of 42 U.S.C. § 1395nn. We affirm the judgment of conviction.

The defendant is a Doctor of Podiatry. The government adduced substantial evidence at trial that Gordon made application for Medicare payments with respect to podiatric services he did not perform.

At trial, Dr. Lawrence Connelly, a Doctor of Podiatry, testified that based on his personal examinations of several patients whom Gordon allegedly treated, various services for which the defendant billed Medicare had not been performed. To illustrate Dr. Connelly's testimony, the district court admitted into evidence various slides which depicted the feet of certain individuals whom Gordon had allegedly treated and whom Dr. Connelly had examined. The photographs were taken on November 4, 1975. Gordon contends that the photographs were not competent to prove the podiatric conditions which they were offered to prove because the allegedly false representations were made by Gordon in May, June and July 1975. The defendant also argues that the failure of the government to produce the individuals whose feet were depicted violated his sixth amendment right to confront his accusers. Both contentions are without merit.

■ It is well settled that:

A photograph may be used, like a map or diagram, as a witness' pictured expression of the data observed by him and therein communicated to the tribunal more accurately than by words or it may be used as a so-called silent witness.

III Wigmore, Evidence § 792, at 228 (Chadbourn rev. 1970). Like other matters of relevancy, the use of photographs is committed to the sound discretion of the trial judge. *Barber v. United States*, 271 F.2d 265 (6th Cir. 1959).

■ The photographs in this case were not remote in time as the defendant argues. The services Gordon claimed to have performed related to the excision and removal of toenails. The evidence showed that a toenail takes eighteen to twenty months or longer to grow back. Thus the photographs were relevant to corroborate Dr. Connelly's testimony that the services charged for were not performed.

■ The confrontation claim is frivolous. The photographs were used only to demonstrate the foundation underlying Dr. Connelly's opinion. Dr. Connelly was available for cross-examination and was in fact fully cross-examined by defense counsel.

■ The defendant was indicted on eleven counts of violating 18 U.S.C. § 1001. He was also indicted on ten counts of violating 42 U.S.C. § 1395nn. Violation of the former is a felony whereas violation of the latter is a misdemeanor. The defendant claims that since all counts related to similar transactions, equal protection and due process required the government to prosecute him only for violation of the misdemeanor section, 42 U.S.C. § 1395nn, even though each of the counts involved different patients. We disagree.

We have found no legislative history indicating that 42 U.S.C. § 1395nn, which was enacted subsequent to 18 U.S.C. § 1001, was designed to repeal § 1001. Nor was section 1395nn designed to be the exclusive remedy in cases such as this. The House Report accompanying the measure states that section 1395nn is to be construed " * * * in addition to and not in lieu of any other penalty provisions in State or Federal law." H.Rep. No. 92–231, U.S.Code Cong. & Admin.News, pp. 4989, 5094 (1972). Furthermore, the courts have consistently held that prosecution under section 1001 is permissible even in view of other overlapping and more specific false statements statutes. *Cf. United States v. Radetsky*, 535 F.2d 556, 567–568 (10th Cir. 1976), *cert. denied,* —— U.S. ——, 97 S.Ct. 68, 50 L.Ed.2d 81, (1976); *United States v. Carter*, 526 F.2d 1276, 1277–1278 (5th Cir. 1976); *United States v. Chakmakis*, 449 F.2d 315, 316 (5th

Cir. 1971); *United States v. Matanky,* 346 F.Supp. 116, 117–119 (C.D.Cal.1972), *aff'd,* 482 F.2d 1319 (9th Cir.), *cert. denied,* 414 U.S. 1039, 94 S.Ct. 539, 38 L.Ed.2d 329 (1973). Thus, the government was within its discretion in prosecuting the defendant for any one transaction under either sections 1001 or 1395nn.[1]

The judgment of conviction is affirmed.

---

1. Several offenses of similar character may be charged in the same indictment " * * * whether [they are] felonies or misdemeanors *or* *both,* * * *." Fed.R.Crim.P. 8(a) (emphasis added).