**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------

Nos. 97-3089 & 97-3090

------------------------

D. C. Docket No. 96-414-CR-ALL

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

        versus

THEODORE S. TOMENY, JR.
and STEVE TOMENY, INC.,

                              Defendants-Appellants.

------------------------

Appeal from the United States District Court
for the Middle District of Florida

------------------------

**(June 24, 1998)**

Before CARNES, Circuit Judge, KRAVITCH, Senior Circuit Judge, and
MILLS*, Senior District Judge.

*Honorable Richard Mills, Senior U.S. District Judge for the
Central District of Illinois, sitting by designation.

KRAVITCH, Senior Circuit Judge:

Having pleaded guilty to one count each of making false statements in violation of 18 U.S.C. § 1001, Theodore S. Tomeny ("Tomeny") and Steve Tomeny, Inc. ("Tomeny, Inc.") appeal their convictions. Their sole contention is that 16 U.S.C. § 1857(1)(I), the criminal false statement provision of the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801-1882 ("the Magnuson Act"), preempts 18 U.S.C. § 1001, the general federal criminal false statement provision.[1] We hold that appellants did not waive the right to challenge their convictions, but we reject their preemption argument and thus affirm.

## I.

In December 1992, the National Marine Fisheries Service ("NMFS"), acting pursuant to its authority under the Magnuson Act, issued an emergency interim rule establishing vessel trip limits for red snapper. See Reef Fish Fishery of the Gulf of Mexico, 57 Fed. Reg. 62,237 (1992) (emergency interim rule) (to be codified at 50 C.F.R. § 641.4(m)&(n)).[2] The rule imposed a trip limit of 2,000 pounds for any vessel with a red snapper endorsement on its reef fish permit and a trip limit of 200 pounds for a permitted vessel

---

[1] Stated another way, appellants claim that 16 U.S.C. § 1857(1)(I), as applied to the facts of this case, implicitly repealed 18 U.S.C. § 1001. Cf. United States v. Herring, 916 F.2d 1543, 1547 (11th Cir. 1990) (holding that 18 U.S.C. § 1919 did not "implicitly repeal[]" 18 U.S.C. § 1001).

[2] The interim rule originally was effective from December 30, 1992, through March 30, 1993, but was subsequently extended. See, e.g., Reef Fish Fishery of the Gulf of Mexico, 58 Fed. Reg. 13,560 (1993).

without such an endorsement.  See id.  An applicant could obtain an endorsement by documenting that a particular vessel that he or she owned or operated had landed 5000 pounds or more of red snapper in at least two of the three years of 1990, 1991, and 1992.  See id.

Since 1989, Tomeny, as president and owner of Tomeny, Inc., operated the F/V Southerner, a fishing vessel owned by Tomeny, Inc. In January 1993, Tomeny submitted an application for a red snapper endorsement for the F/V Southerner to the NMFS Regional Office in St. Petersburg, Florida.  In the application, Tomeny certified that the vessel had met the qualifying threshold of 5000 pounds in both 1990 and 1992, even though he knew that the vessel had not met the threshold in 1990.  Although the NMFS initially informed Tomeny that the F/V Southerner was eligible for a red snapper endorsement for the 1993 season, the NMFS subsequently determined that Tomeny had submitted false information to obtain the endorsement.

A grand jury indicted both Tomeny and Tomeny, Inc. on one count each of making a false statement in violation of 18 U.S.C. § 1001.  Appellants filed a motion to dismiss based on the theory that, under the facts of the case, 16 U.S.C. § 1857(1)(I) preempted 18 U.S.C. § 1001.  The district court denied this motion.

Appellants thereafter pleaded guilty to violating 18 U.S.C. § 1001, and appellants signed a written stipulation concerning the factual basis for the guilty plea.  The district court sentenced Tomeny to six months' home confinement and three years' probation and fined him $20,000.  The district court fined Tomeny, Inc.

2

$12,000.  This appeal followed.

## II.

Appellants' sole argument on appeal is that 16 U.S.C. § 1857(1)(I) preempts 18 U.S.C. § 1001.  The government argues that appellants waived this issue by entering a guilty plea not conditioned upon the right to appeal the district court's adverse rulings on pre-trial motions.

Although an unconditional guilty plea does waive non-jurisdictional defects in the proceedings against a defendant, see United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986), it does not waive jurisdictional defects, see United States v. Meacham, 626 F.2d 503, 510 (5th Cir. 1980).  Whether a claim is "jurisdictional" depends on "whether the claim can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings." United States v. Caperell, 938 F.2d 975, 977-78 (9th Cir. 1991).  Accordingly, this court has held that a claim that the indictment failed to charge an offense is a jurisdictional claim not waived by the entry of a guilty plea.  See Meacham, 626 F.2d at 510.

In arguing that 16 U.S.C. § 1857(1)(I) preempts 18 U.S.C. § 1001 as applied to the facts of this case, appellants effectively claim that the indictment failed to charge a legitimate offense. We hold that this claim is jurisdictional and that appellants did not waive it upon pleading guilty.

## III.

We turn, therefore, to the merits of appellants' contention.

3

Appellants argue that the government was required to indict them under 16 U.S.C. § 1857(1)(I) rather than 18 U.S.C. § 1001 because § 1857(1)(I) preempts § 1001. Upon close examination of the relevant statutory provisions and case-law, we reject this contention.

16 U.S.C. § 1857 states in pertinent part:

It is unlawful –
(1) for any person
(I) to knowingly and willfully submit to a Council, the Secretary, or the Governor of a State false information (including but not limited to, false information regarding the capacity and extent to which a United States fish processor, on an annual basis, will process a portion of the optimum yield of a fishery that will be harvested by fishing vessels of the United States) regarding any matter that the Council, Secretary, or Governor is considering in the course of carrying out this chapter.

16 U.S.C. § 1857(1)(I) was enacted in 1986. See Pub. L. No. 99-659, § 107, 100 Stat. 3706, 3713 (1986). A violation of § 1857(1)(I) is "punishable by a fine of not more than $100,000, or imprisonment for not more than 6 months or both," 16 U.S.C. § 1859(b), and is classified as a misdemeanor, see 18 U.S.C. § 3559(a) (stating that an offense is a misdemeanor, where not otherwise specified, if the maximum authorized term of imprisonment is six months or less).

By contrast, 18 U.S.C. § 1001 is a general felony provision enacted more than one hundred years ago. See United States v. Richardson, 8 F.3d 15 (9th Cir. 1993) (stating that § 1001 has been in existence since at least 1871) (citing United States v. Bedore,

4

455 F.2d 1109, 1110-11 (9th Cir. 1972)).  It states in relevant part:

> (a) . . . [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title or imprisoned not more than 5 years, or both.

The Supreme Court's opinion in United States v. Batchelder, 442 U.S. 114, 99 S. Ct. 2198 (1979), guides our analysis of appellants' claim that 16 U.S.C. § 1857(1)(I) preempts 18 U.S.C. § 1001.  In Batchelder, the Court held that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants."  See id. at 123-24, 99 S. Ct. at 2204.  Explicitly rejecting the defendant's argument that the more lenient statute preempted the more severe statute, the Court stated:  "[I]t is not enough to show that the two statutes produce differing results when applied to the same factual situation. Rather, the legislative intent to repeal must be manifest in the positive repugnancy between the provisions."  Id. at 122, 99 S. Ct. at 2203 (citations and internal quotations omitted).  Under Batchelder, therefore, appellants must prove that a "positive repugnancy" exists between the two provisions in order to show that § 1857(1)(I) preempts

5

§ 1001.

In analyzing appellants' preemption argument, we follow the two-step approach indicated by this court in United States v. Anderez, 661 F.2d 404, 406-08 (5th Cir. Unit B Nov. 1981).[3] First, we must determine whether "the language of the statutes themselves," Anderez, 661 F.2d at 406, demonstrates Congress's intent that 16 U.S.C. § 1857(1)(I) preempt 18 U.S.C. § 1001. If the statutory language does not demand a finding of preemption, then we must determine whether the legislative history shows "clear and manifest" evidence of Congress's intent that § 1857(1)(I) preempt § 1001. See United States v. Gottesman, 724 F.2d 1517, 1520 (11th Cir. 1984) (citations omitted); see also Anderez, 661 F.2d at 407.

Commencing with the statutory language, we find no indication that Congress intended that 16 U.S.C. § 1857(1)(I) preempt 18 U.S.C. § 1001. Indeed, the Magnuson Act itself does not even mention or implicitly refer to § 1001. Accordingly, we hold that the statutory language does not demonstrate Congress's intent to preempt § 1001.[4]

---

[3] A decision of a "Unit B" panel of the former Fifth Circuit is binding on the Eleventh Circuit, even if the decision was issued after September 30, 1981. See Matter of Int'l Horizons, Inc., 689 F.2d 996, 1004 n.17 (11th Cir. 1982).

[4] Because the Magnuson Act has no general repeal provision, we need not decide whether such a provision would have indicated Congress's intent that 16 U.S.C. § 1857(1)(I) preempt 18 U.S.C. § 1001. Cf. United States v. Richardson, 8 F.3d 15, 17 (9th Cir. 1993) (holding that 18 U.S.C. § 1920, the misdemeanor false statement provision of the Federal Employees Compensation Act ("FECA"), preempted 18 U.S.C. § 1001 because § 41 of FCA expressly repealed all

We also reject appellants' various attempts to locate in the statutes implicit evidence of Congress's intent that 16 U.S.C. § 1857(1)(I) preempt 18 U.S.C. § 1001. For example, appellants argue that the specific nature of § 1857(1)(I) indicates Congress's intent to preempt the more general § 1001. Preemption of a criminal provision, however, occurs only where Congress "clearly intended that one statute supplant another; the fact that one statute is more specific than the other is not sufficient." United States v. Hopkins, 916 F.2d 207, 218 (5th Cir. 1990).[5] Accordingly, this court repeatedly has upheld convictions under 18 U.S.C. § 1001 even though the defendant's conduct also fell within the scope of more specific and more recently enacted false statement provisions; in each such case, the court ruled that Congress, in enacting the specific provision, did not manifest an intent to preempt 18 U.S.C. § 1001. See United States v. Herring, 916 F.2d 1543, 1547 (11th Cir. 1990) (18 U.S.C. § 1919); United States v. Fern, 696 F.2d 1269, 1274 (11th Cir. 1983) (26 U.S.C. § 7207); Anderez, 661 F.2d at 407 (31 U.S.C. §§ 1058, 1101); United States v. Carter, 526 F.2d 1276, 1277-78 (5th Cir. 1976) (15 U.S.C. § 645(a)); United States v. Chakmakis, 449 F.2d 315, 316 (5th Cir.

---

inconsistent statutes).

[5] See also In re Coastal Group, Inc., 13 F.3d 81, 85 (3d Cir. 1994); United States v. Parziale, 947 F.2d 123, 127 & n.10 (5th Cir. 1991); United States v. Zabel, 702 F.2d 704, 708 (8th Cir. 1983); United States v. Mackie, 681 F.2d 1121, 1122 (9th Cir. 1982); United States v. Brien, 617 F.2d 299, 309-11 (1st Cir. 1980); United States v. Jones, 607 F.2d 269, 271 (9th Cir. 1979).

7

1971) (42 U.S.C. § 408(c)).[6]  Contrary to appellants' assertion,

United States v. Beer, 518 F.2d 168 (5th Cir. 1975), is consistent

with these cases.[7]

Appellants also argue that Congress manifested its intent to

preempt 18 U.S.C. § 1001 by imposing misdemeanor penalties for

violations of 16 U.S.C. § 1857(1)(I), in contrast to the felony

penalties associated with 18 U.S.C. § 1001.  As this court has

held, however, the fact that Congress has passed a specific statute

with lenient penalties does not indicate that Congress intended to

---

[6] See also United States v. Woodward, 469 U.S. 105, 108, 105 S. Ct. 611, 612 (1985) (per curiam) (31 U.S.C. §§ 1058, 1101); United States v. Curran, 20 F.3d 560 (3d Cir. 1994) (2 U.S.C. §§ 431-454, 455(a)); United States v. Parsons, 967 F.2d 452, 456 (10th Cir. 1992) (26 U.S.C. § 7207); United States v. Bilzerian, 926 F.2d 1285, 1299-1300 (2d Cir. 1991) (15 U.S.C. § 78ff); United States v. Hansen, 772 F.2d 940, 943-49 (D.C. Cir. 1985) (2 U.S.C. § 706); United States v. Duncan, 693 F.2d 971, 975 (9th Cir. 1982) (31 U.S.C. §§ 1058, 1101); United States v. Gordon, 548 F.2d 743, 744-45 (8th Cir. 1977) (42 U.S.C. § 1395nn); United States v. Burnett, 505 F.2d 815, 816 (9th Cir. 1974) (18 U.S.C. § 1919).

[7] In Beer, the defendant was convicted of violating § 1001 for failing to list an outstanding loan on a Federal Deposit Insurance Corporation ("FDIC") questionnaire.  Although the court noted that the defendant's conduct was more specifically proscribed by 18 U.S.C. § 1005, which proscribes false statements to the FDIC, the court explicitly refused to reverse the conviction on that ground. The court explained:
> Given the well recognized antagonism toward general, open-ended criminal statutes, and the presence here of a specific legislative enactment, the prosecutor might well have proceeded under the specifically applicable statute, 18 U.S.C., § 1005.  Of course, we do not reverse this conviction for the failure to do so, but rather because there was a failure of proof on the essential element of materiality.

518 F.2d at 173 (emphasis added).  On two occasions, this court has noted that the Beer court did not reverse the § 1001 conviction on preemption grounds and that Beer thus does not support a preemption argument.  See Fern, 696 F.2d at 1274; Carter, 526 F.2d at 1278.

8

preempt a more general but more severe statute that would apply to the same offense. See Anderez, 661 F.2d at 407 (citations omitted).

Furthermore, appellants fail to consider a crucial difference between 16 U.S.C. § 1857(1)(I) and 18 U.S.C. § 1001. Section 1857(1)(I) does not mention materiality and thus imposes no materiality requirement upon the government, cf. United States v. Wells, 519 U.S. 482, __, 117 S. Ct. 921, 927 (1997) (holding that 18 U.S.C. § 1014 has no materiality requirement because the statute does not "so much as mention[] materiality"), while § 1001 does have an explicit materiality requirement, see United States v. Godinez, 922 F.2d 752, 755 (11th Cir. 1991).[8] Because a rational basis thus exists for the different penalties associated with § 1857(1)(I) and § 1001, we find further support for our conclusion that prosecutors may choose a felony prosecution under § 1001 even though the offense also would fall within the misdemeanor provision of § 1857(1)(I). See United States v. Jones, 607 F.2d 269, 274 (9th Cir. 1979) (rejecting preemption argument because the statutory framework "in which the degree of punishment corresponds to the presence of specific intent" was rational); see also Carter, 526 F.2d at 1277-78 (ruling that 15 U.S.C. § 645(a) did not preempt 18 U.S.C. § 1001 because "[t]he offenses defined in the statutes are not identical, and involve different elements").

---

[8] A conviction under 18 U.S.C. § 1001 thus requires the government to prove that the false statement had "the capability of affecting or influencing the exercise of a government function." United States v. Herring, 916 F.2d 1543, 1547 (11th Cir. 1990)

We also conclude that appellants' reliance on <u>United States v. LaPorta</u>, 46 F.3d 152 (2d Cir. 1994), is misplaced. In <u>LaPorta</u>, the defendants were convicted under 18 U.S.C. § 844(h)(1), which proscribes the use of fire or explosives to commit "any felony," and under the predicate felony provision, 18 U.S.C. § 1361, which proscribes the willful destruction of government property. The court reversed the § 844(h)(1) convictions because it held that § 844(h)(1) was preempted by a more specific provision, 18 U.S.C. § 844(f), which proscribes using fire or explosives to damage government property. The court explained:

> [T]he specific statute -- § 844(f) – must logically preempt the general one, for otherwise § 844(f) would be rendered superfluous: § 844(h)(1), when coupled with § 1361 (which proscribes the willful injury of government property), would prohibit willful destruction of government property by fire [or explosives], covering every circumstance that § 844(f) – malicious destruction of government property by fire [or explosives] – covers. Such a construction would rob § 844(f) of all practical effect, surely not the Congressional intent.

46 F.3d at 156.

Here, unlike in <u>LaPorta</u>, the specific statutory provision applies to circumstances not covered by the general provision. First, the specific provision, 16 U.S.C. § 1857(1)(I), has no materiality requirement, while the general provision, 18 U.S.C. § 1001, does have a materiality element. Second, § 1857(1)(I) applies, <u>inter</u> <u>alia</u>, to false statements made to state governors, while 18 U.S.C. § 1001 apparently does not.[9] Because the specific

---

[9] Section 1857(1)(I) prohibits the submission of false information "to a Council, the Secretary, or the Governor of a State . . . regarding any matter that the Council, Secretary, or Governor is

provision is not "superfluous" when considered in conjunction with the general provision, cf. LaPorta, 46 F.3d at 156, we refuse to hold that the specific provision preempts the general provision, see Anderez, 661 F.2d at 407 ("Each statute is aimed at a slightly different form of misconduct . . .[,] and Congress could easily have determined that two provisions should operate independently to chill certain conduct even if they overlapped in many instances.").[10]

Because the statutory language does not indicate that 16 U.S.C. § 1857(1)(I) preempts 18 U.S.C. § 1001, we must determine whether the legislative history of § 1857(1)(I) supports appellants' preemption argument. Compare Anderez, 661 F.2d at 407 (finding that the legislative history did not indicate Congress's intent to preempt), and United States v. Jackson, 805 F.2d 457, 461-65 (2d Cir. 1986)(same), with United States v. Hernandez, 730

---

considering in the course of carrying out this chapter." By contrast, § 1001 proscribes material false statements "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States."

[10] LaPorta also is distinct from the instant case in another respect. The LaPorta court inferred that Congress, in enacting § 844(h)(1) and § 844(f) simultaneously, would not have intended to allow a prosecution under the general provision, § 844(h)(1), where prosecution under the specific provision, § 844(f), was appropriate. Unlike the provisions at issue in LaPorta, the statutes at issue in this case were enacted more than one hundred years apart. See United States v. Richardson, 8 F.3d 15 (9th Cir. 1993) (stating that § 1001 has been in existence since at least 1871) (citing United States v. Bedore, 455 F.2d 1109, 1110-11 (9th Cir. 1972)). As this court noted in Anderez, 661 F.2d at 407, courts consistently have allowed prosecutions under 18 U.S.C. § 1001 even where the defendant could have been prosecuted under a more specific and later-enacted statute with lesser penalties.

11

F.2d 895, 897-99 (2d Cir. 1984) (finding preemption based on an examination of the legislative history),[11] and Kniess v. United States, 413 F.2d 752, 753-59 (9th Cir. 1969) (same). In the absence of statutory language indicating preemption, this court should conclude that § 1857(1)(I) preempts § 1001 only if supported by "clear and manifest" evidence of Congress's intent in the legislative history. See United States v. Gottesman, 724 F.2d 1517, 1520 (11th Cir. 1984) (quoting United States v. Borden, 308 U.S. 188, 198-99, 60 S. Ct. 182, 188-89 (1939)(quoting Town of Red Rock v. Henry, 106 U.S. 596, 601-02, 1 S. Ct. 434, 438-39 (1883))).

After reviewing the legislative history of 16 U.S.C. § 1857(1)(I), we find no evidence whatsoever of Congress's intent to preempt 18 U.S.C. § 1001. Congress enacted the Magnuson Act in 1976 in order to conserve and manage the fishery resources of the United States. See 16 U.S.C. § 1801. Ten years later, Congress enacted 16 U.S.C. § 1857(1)(I), see Pub. L. No. 99-659, § 107, 100 Stat. 3706, 3713 (1986), in order to address particular problems that had arisen with enforcement of the Magnuson Act. The House Committee on Merchant Marine and Fisheries explained:

> It has also come to the Committee's attention that certain individuals may have deliberately or otherwise misled the Councils by making false statements relating to their intent to carry out various fishery activities. The Committee recognizes that the fishing industry is compelled to deal with the vicissitudes of fish stocks, abundance, changes in consumer choice, and economic conditions which makes for a great deal of uncertainty.

---

[11] As stated in footnote 13, infra, this court has rejected the specific result of Hernandez. See United States v. Moody, 977 F.2d 1420, 1424 (11th Cir. 1992).

12

> There is, however, a need to protect all concerned parties by discouraging persons from deliberately and knowingly providing the Councils with false information. The Committee has thus attempted to clarify these issues.

See House Comm. on Merchant Marine and Fisheries, H. Rep. No. 99-165 (1985), reprinted in 1986 U.S.C.C.A.N. 6249, 6254-55.

This language, the only legislative history related to 16 U.S.C. § 1857(1)(I),[12] simply indicates the rationale for that provision. It in no way suggests that Congress intended to preempt 18 U.S.C. § 1001. Cf. Anderez, 661 F.2d at 407 & n.7 (holding that legislative history of the misdemeanor provisions of the Currency and Foreign Transactions Reporting Act, 31 U.S.C. §§ 1058, 1101, indicated only that the provisions would be of "tremendous help" and did not suggest Congress's intent to preempt 18 U.S.C. § 1001).[13]

---

[12] As the Supreme Court has held, the "authoritative source for finding the Legislature's intent lies in the Committee reports on the bill" that contains the enacted statute. Garcia v. United States, 469 U.S. 70, 76, 105 S. Ct. 479, 483 (1984).

[13] We also find no support for appellants' argument in United States v. Hernandez, 730 F.2d 895 (2d Cir. 1984). In Hernandez, the court reversed a defendant's conviction for threatening a witness in violation of the general obstruction of justice statute, 18 U.S.C. § 1503. See id. at 897-99. In determining that § 1503 was preempted by 18 U.S.C. § 1512, which specifically prohibits intimidation of witnesses, the court emphasized that Congress deleted portions of § 1503 relating to witness harassment at the same time that it enacted § 1512. See id. at 898-99; see also United States v. Jackson, 805 F.2d 457, 461 (2d Cir. 1986) (limiting Hernandez to its facts).

Hernandez provides no assistance to appellants. First, in contrast to the situation in Hernandez, Congress did not limit the scope of 18 U.S.C. § 1001 when it enacted 16 U.S.C. § 1857(1)(I). Second, we note that this court has rejected summarily the result reached by the Hernandez court. See United States v. Moody, 977 F.2d 1420, 1424 (11th Cir. 1992) (stating, without explanation, that 18 U.S.C. § 1503 "is broad enough to cover such proscribed

Having determined that appellants' preemption argument is not supported by either the statutory language or the legislative history, we turn to appellants' two remaining arguments. First, appellants contend that the Lacey Act, 16 U.S.C. §§ 3371-3378, indicates Congress's intent "to limit sanctions for matters under the Magnuson Act to [the Magnuson] Act's own provisions."[14] This claim is specious. The Lacey Act makes it a felony for any person to transport, possess, sell, or purchase any wildlife taken in violation of any federal law or regulation, see 16 U.S.C. § 3372(a)(1); 16 U.S.C. § 3373(d)(1), but it specifically excepts from this proscription "any activity regulated by a fishery management plan in effect under the Magnuson[] Act," see 16 U.S.C. § 3377(a). Because § 3377(a) renders legal under the Lacey Act all fishing practices explicitly allowed by the Magnuson Act, the Magnuson Act effectively preempts the Lacey Act to that extent. Contrary to appellants' assertion, nothing in the Lacey Act suggests that the Magnuson Act preempts 18 U.S.C. § 1001.

Second, we decline appellants' invitation to invoke the rule of lenity. That rule is inapplicable where, as here, a defendant was convicted under a statute that plainly proscribed his conduct and the defendant only argues that he should have been prosecuted under another, more specific statutory provision. See United States v. Jackson, 805 F.2d 457, 465 (2d Cir. 1986); United States

---

acts against witnesses").

[14] Appellants' Br. at 26.

v. Hansen, 772 F.2d 940, 948-49 (D.C. Cir. 1985) (Scalia, J.); cf. Muscarello v. United States, 66 U.S.L.W. 4459, __ (U.S. June 8, 1998) (Nos. 96-1654 & 96-8837) (stating that the rule of lenity applies only where the criminal statute at issue contains a "grievous ambiguity or uncertainty") (internal quotations and citations omitted); Albernaz v. United States, 450 U.S. 333, 343, 101 S. Ct. 1137, 1144 (1981) (holding that the rule of lenity is inapplicable where the "statutory provisions . . . are unambiguous on their face and [the] legislative history . . . gives us no reason to pause over the manner in which these provisions should be interpreted"); United States v. Zabel, 702 F.2d 704, 708 (8th Cir. 1983) (stating that the rule of lenity has no application to defendant's preemption claim where "the elements required to prove the respective statutes differ so unambiguously").

IV.

Accordingly, we hold that 16 U.S.C. § 1857(1)(I), the Magnuson Act's criminal false statement provision, does not preempt 18 U.S.C. § 1001, the general federal criminal false statement provision. Appellants' convictions therefore are AFFIRMED.

15