[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14199
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00483-SDM-MAP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 3, 2013)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Rogelio Torres appeals his convictions for conspiring to interfere with

commerce through violence, in violation of 18 U.S.C. §§ 1951(a) (Count 1),

aiding and abetting the interference with commerce through violence, in violation

of 18 U.S.C. §§ 1951(a) and 2 (Count 2), and aiding and abetting the brandishing

of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) and 2 (Count 3).  On appeal, Torres argues that his guilty pleas

were not knowing and voluntary because (1) he was never specifically informed

that an essential element of Count 1 was that his conduct affect "interstate"

commerce, (2) the indictment failed to provide sufficient specificity in alleging the

robbery offense in Count 2, and (3) the indictment charged in Count 3 that

Count 2 was the predicate offense while his plea agreement "effectively amended

this charge" by identifying both Counts 1 and 2 as predicate offenses.  Torres also

argues that the district court lacked jurisdiction over Counts 2 and 3 because the

indictment, which did not allege interference with "interstate" commerce, failed to

charge a federal offense, a jurisdictional defect not waived by his guilty plea.

## I.

We review for plain error constitutional objections not raised before the

district court.  *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005).

When a defendant fails to object to a Federal Rule of Criminal Procedure Rule 11

violation, we also review for plain error.  *Id.* at 1019.  To establish plain error, a

2

defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.* If all three conditions are met, we may recognize an error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation omitted). In the context of a Rule 11 error, prejudice to the defendant means a reasonable probability that, but for the error, the defendant would not have entered the guilty plea. *Id.* at 1020.

A guilty plea pursuant to Rule 11(a)(1) is the waiver of a number of a defendant's constitutional rights and an admission of the elements of the formal criminal charge and must therefore be made knowingly and voluntarily to satisfy the requirements of the Due Process Clause. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969). A guilty plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts, and, to this end, the court must inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, and satisfy itself that there is a factual basis for the plea. *Id.* at 466-67, 89 S. Ct. at 1171.

In order to comply with Rule 11, a court accepting a guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019

3

(citation omitted).  We review whether the district court adequately ensured that the defendant understood the nature of the charge on a case-by-case basis.  *United States v. James*, 210 F.3d 1342, 1344 (11th Cir. 2000).  We have held that

> [f]or simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice.  Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explication.  In the cases of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required.

*Id.* at 1345 (citation omitted).  In *James*, we held that the second core concern was not satisfied where, even though the defendant indicated that he understood the nature of the offense, neither the district court nor the written plea agreement specified the elements of a complex charge arising under the Travel Act.  *Id.* at 1345-46.

Section 1951 of Title 18 of the U.S. Code, known as the Hobbs Act, defines the offense of interference with commerce by threats or violence as

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  We have held that "[t]wo elements are essential for a Hobbs

4

Act prosecution: robbery and an effect on commerce." *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000).  The Hobbs Act defines commerce as

> commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951(b)(3).  "The government needs only to establish a minimal effect on interstate commerce to support a violation of the Hobbs Act." *Rodriguez*, 218 F.3d at 1244.

Finally, "[a]n amendment to an indictment occurs 'when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'" *United States v. Dennis*, 237 F.3d 1295, 1299 (11th Cir. 2001) (citation omitted).

There was no error, plain or otherwise, in the district court's acceptance of Torres's guilty pleas because the record shows that he understood the nature of each of the charges against him and that his guilty pleas were fully informed and knowing and voluntary.  Torres argues that it was plain error for the district court not to use the word "interstate" when accepting his plea, but the necessary jurisdictional elements of § 1915(a) are "robbery" and "an effect on commerce."

5

*Rodriguez*, 218 F.3d at 1244.  The indictment, plea agreement, and change-of-plea hearing all correctly contained these elements of Counts 1 and 2.  Additionally, before the magistrate judge, Torres stated that his counsel explained the required elements of the charged offenses and that he understood the charges and elements of these offenses.  In reference to Count 1, the magistrate referenced the definition of commerce in § 1951; in reference to Count 2, the magistrate judge indicated that the government would have to show that Torres's actions "obstructed, delayed, or affected interstate commerce."  The record is clear that Torres was aware that the government would have to prove "an effect on commerce" in order to convict him on Counts 1 and 2.  In reference to Count 3, the essential elements of this Count were never altered to broaden the basis for the conviction; under the Notice of Facts, Penalty and Elements and the plea agreement, the government was required to prove both Counts 1 and 2 as predicate offenses for Count 3.  These predicate offenses were proven by Torres's guilty plea.

## II.

Whether an indictment sufficiently alleges a statutorily proscribed offense is a question of law that we review *de novo*.  *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999).  "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be

6

defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id.* at 1233-34 (quotations omitted). We have held that specific reference to the statute on which the charge was based adequately informs the defendant of the charge. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998).

A defendant's knowing and voluntary, unconditional plea of guilty waives all non-jurisdictional defects in the proceedings, but it does not waive jurisdictional defects. *United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998). A claim is jurisdictional if it can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings. *Id.* We have held that an indictment's failure to charge an offense is a jurisdictional defect that is not waived by a guilty plea. *Id.* Congress provided the district courts with jurisdiction, "exclusive to the courts of the States," of "all offenses against the laws of the United States." 18 U.S.C. § 3231.

An effect on interstate commerce is required for Congress to have authority under the Commerce Clause to forbid certain conduct. *See United States v. Lopez*, 514 U.S. 549, 562, 115 S. Ct. 1624, 1631 (1995) (discussing the need for express jurisdictional elements in federal statutes). However, a failure of allegation or

7

proof on an interstate-commerce element does not deprive the district court of jurisdiction. *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010). In *Ternus*, the appellant challenged his plea on the basis that the foreign-commerce element in 18 U.S.C. § 2314 was jurisdictional, and that the district court lacked jurisdiction over his case because there was insufficient evidence as to the foreign-commerce element. *Id.* We held that Ternus's argument was a sufficiency-of-the-evidence argument, not a jurisdictional argument, and, thus, was waived with his guilty plea. *Id.*; *see also Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (holding, in the context of a *coram nobis* proceeding, that the district court had jurisdiction to enter a judgment upon the merits where an indictment alleged violations of the laws of the United States, even where the indictment failed to allege or prove an interstate-commerce element).

The district court had jurisdiction over the charges in Counts 2 and 3 because Count 2 clearly charged a federal offense, namely, a violation of §§ 1951 and 2. As such, Torres's argument that Count 3 is fatally deficient for citing Count 2 as a predicate offense is without merit for the same reason. To the extent that Torres argues that insufficient evidence supports the interstate-commerce element of Count 2, that is non-jurisdictional and waived by his guilty plea.

III.

8

Although not raised by either party, we may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors.  *See United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006) (remanding with directions to the district court to correct the clerical error where the judgment stated an incorrect term of imprisonment).  Remand for correction of the judgment is appropriate "only if the erroneous entry of the judgment [is] considered a clerical error, and the correction of the judgment would not prejudice the defendant in any reversible way."  *United States v. Diaz,* 190 F.3d 1247, 1252 (11th Cir. 1999).

Count 1 of the indictment charged Torres with a violation of 18 U.S.C. § 1951(a), and Torres pled guilty to that charge.  However, the written judgment was recorded for a violation of 18 U.S.C. §§ 1951(a) *and* 2.  There is a scrivener's error as to Count 1 because the indictment did not charge a violation of § 2 for this Count.[1]

After review of the record and careful consideration of the parties' appellate briefs, we affirm Torres's convictions and remand for the limited purpose of correcting a clerical error in the written judgment.

AFFIRMED IN PART, REMANDED IN PART.

---

[1]    The written judgment and the indictment are consistent as to Counts 2 and 3.

9