[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 19-14043

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO MENDOZA-PINEDA,
a.k.a. Ramiro Sancho,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 2:18-cr-00634-RDP-HNJ-1

_____

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Ramiro Mendoza-Pineda appeals his conviction for knowing possession of firearms in furtherance of drug-trafficking crimes, which was Count Six of his indictment.  18 U.S.C. § 924(c)(1)(a). First, he argues that the district court plainly erred under Rule 11 by accepting his guilty plea to Count Six because it (a) failed to inform him of the *mens rea* element of this charge and (b) lacked an independent factual basis to support the plea.  Fed. R. Crim. P. 11(b).  Second, he contends that Count Six should have been dismissed as duplicitous.

## I.

Rule 11 requires district courts to inform the defendant of, and determine that the defendant understands, "the nature of each charge to which the defendant is pleading" before accepting a guilty plea.  Fed. R. Crim. P. 11(b)(1)(G).  We review Rule 11 violations for plain error when a defendant raises the issue for the first

time on appeal. *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018). "To establish plain error, a defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affects substantial rights." *United States v. Coats*, 8 F.4th 1228, 1235 (11th Cir. 2021). If the defendant makes these three showings, we may then review the "unpreserved error but only if (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)).

"[T]he defendant has the burden of establishing each of the four requirements for plain-error relief." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). To show that the error affected substantial rights in the plea context, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004); *see also Presendieu*, 880 F.3d at 1239 n.3 ("To show that a plain error under Rule 11 warrants relief, the defendant must also show a reasonable probability that, if not for the error, he would not have entered a guilty plea."); *United States v. Monroe*, 353 F.3d 1346, 1354 n.10 (11th Cir. 2003) ("In many cases, this circuit shortened the 'affected substantial rights' inquiry to whether the defendant carried his burden to show prejudice."). In considering whether a Rule 11 error prejudiced a defendant, we may consider the whole record. *Moriarty*, 429 F.3d at 1020 n.4.

To show prejudice—*i.e.,* to show that the error affected substantial rights—a defendant cannot point to a mere deviation from Rule 11's requirements. *See Monroe*, 353 F.3d at 1354 ("[T]his Court has not automatically reversed a conviction simply because a defendant has shown a Rule 11 error."); *United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000) ("[A]ny variances or deviations from the procedures mandated by Rule 11 that do not affect a defendant's substantial rights constitute harmless error."). Rather, this Court has identified three core Rule 11 principles: "(1) that the defendant enters his plea free from coercion, (2) that he understands the nature of the charges, and (3) that he understands the consequences of his plea." *Presendieu*, 880 F.3d at 1238. A district court plainly errs "where its plea colloquy is so deficient that it results in a total or abject failure" to satisfy a core principle of Rule 11. *Id.* at 1239. In other words, a district court's failure to strictly comply with Rule 11 does not necessarily implicate a core concern, and we will not reverse when the district court has satisfied the core concerns. *See Monroe*, 353 F.3d at 1354 ("In evaluating whether a defendant has shown that his rights were substantially affected or prejudiced, this Court has examined the three 'core objectives' of Rule 11 . . . . This Court has upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns.").

A.

Mendoza-Pineda's first argument on appeal is that the district court plainly erred by not informing him in its plea colloquy that the government could only prove Count Six by showing that his firearms possession was knowing. The elements for a conviction under 18 U.S.C. § 924(c)(1)(A) require proof that the defendant "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime." *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008). Here, the district judge expressly explained the possession and "in furtherance of" elements but did not explicitly identify "knowingly" as the *mens rea* element.

Under the second core Rule 11 principle, a district court "must ensure, one way or another, that the defendant knows and understands the nature of the offenses to which he or she is pleading guilty." *Presendieu*, 880 F.3d at 1239. Rule 11 does not require district courts to "list the elements of an offense," and "no rigid formula or 'mechanical rule'" exists for us to gauge whether a district court has "adequately informed the defendant of the nature of the charges." *Id.* at 1238. "Rather, what constitutes an adequate plea colloquy varies from case to case depending on the complexity of the charges and the defendant's intelligence and sophistication." *Id.* For simple cases, merely reading the indictment and giving the defendant an opportunity to ask questions may suffice. *Id.* at 1239. But in complex cases, the district court may have to explain the charges, elements, and any confusing terms in more detail. *Id.*

Generally, to satisfy the second core Rule 11 principle, defendants must understand the "critical elements" of the charges

against them—including "the element defining the requisite intent." *Coats*, 8 F.4th at 1235 (quoting *Gaddy v. Linahan*, 780 F.2d 935, 945 (11th Cir. 1986)); *see also United States v. Brown*, 117 F.3d 471, 476 (11th Cir. 1997) ("A defendant does not receive 'real notice' of the nature of the charge against him unless he is informed of the elements of the charged offense."). Nonetheless, when applying the plain error analysis, failure to ensure that the defendant understands the *mens rea* requirement of a particular charge does not merit automatic reversal; instead, the defendant must prove that he would not have pleaded guilty but for the error. *See Coats*, 8 F.4th at 1236–37 (holding that while the omission of a *mens rea* element for a conviction under 18 U.S.C. § 922(g) was plain error, the defendant still had to demonstrate prejudice).

Here, we cannot conclude that the district court committed plain error, nor that there was a reasonable probability that Mendoza-Pineda would not have pleaded guilty but for the district court's omission of the word "knowingly" in the plea colloquy. While the district court did not explicitly state the *mens rea* element, for several reasons we conclude that the district court's plea colloquy conveyed sufficient information such that Mendoza-Pineda understood that the Government would have to prove that he knowingly possessed the firearm in furtherance of the crime. First, the district judge explained that the "in furtherance of" element meant that his possession could not be merely "incidental." In explaining possession, the judge discussed intent and knowledge. Thus, the judge told Mendoza-Pineda that the

19-14043                Opinion of the Court                7

Government has to prove that he knew where the weapon was and that the firearm had to have helped, promoted, or advanced the crime in some way. The judge also gave an example: "Like if you hide it in a locker and you know where it is . . . and you intend to retrieve it . . . ." The judge even confirmed that the explanation of the charge in the plea colloquy conformed with Mendoza-Pineda's prior understanding of the Government's burden of proof.

Second, Mendoza-Pineda is a high school graduate who can read, write, and understand English. He confirmed that he discussed the charges against him with his attorney. Even though the district judge did not explicitly mention the *mens rea* requirement in the plea colloquy, it does not follow that there was "a total or abject failure" to ensure that the defendant understood Count Six. *Presendieu*, 880 F.3d at 1239.

Third, and most significant, Count Six is a relatively simple and easily understood crime. *See United States v. DePace*, 120 F.3d 233, 237 (11th Cir. 1997) ("The crime of using and carrying a handgun during and in relation to drug trafficking is ordinarily a relatively simple charge easily understood by a person of the [defendants'] relative intelligence and sophistication."). While, as Mendoza-Pineda notes in his reply brief, he may have needed assistance in understanding the various kinds of possession, he cannot convincingly argue under this Court's precedent that "knowingly" is a complex element that requires a full explanation from the district judge. *See Presendieu*, 880 F.3d at 1239 ("In simple cases . . . the

district court may only need to read the indictment and afford the defendant an opportunity to ask questions.").

In his reply brief, Mendoza-Pineda cites for support two cases where this Court did find reversible error. *See United States v. Telemaque*, 244 F.3d 1247 (11th Cir. 2001) (per curiam); *United States v. Quinones*, 97 F.3d 473 (11th Cir. 1996) (per curiam). In *Telemaque*, we held that the defendant was not adequately informed of the nature of the offense when the district court only asked whether the defendant had seen the indictment and did not mention the offense's elements or confirm that the defendant's counsel had assisted him in understanding the charges. 244 F.3d at 1249. In *Quinones*, we held that the defendant was not adequately informed when the court only asked the defendant whether he had read the indictment and reviewed it with his attorney. 97 F.3d at 474–75. These two cases, as we said in *Monroe*, "involved not only violations of explicit requirements of Rule 11, but also violations that resulted in a total or almost total failure to address a Rule 11 core concern." 353 F.3d at 1355. Unlike in *Telemaque* and *Quinones*, the district court here adequately explained Count Six and ensured that Mendoza-Pineda understood the nature of the charge against him. Count Six is a relatively simple charge for someone of the defendant's intelligence and educational background to understand. Additionally, the district court confirmed that the defendant had discussed the charge with his attorney. Therefore, we cannot conclude that the district court committed plain error.

The overall record was sufficient for the district court to conclude that Mendoza-Pineda understood the nature of the charge in Count Six and that he was not pleading guilty under the misunderstanding that he would be guilty even if he somehow unknowingly possessed the firearm.

Even if there were plain error, we still could not vacate the district court's acceptance of Mendoza-Pineda's guilty plea. The defendant has the burden of establishing the four requirements for plain-error review—including prejudice. *Greer*, 141 S. Ct. at 2097. We reject Mendoza-Pineda's argument for structural error or automatic reversal. In *Coats*, we held that the defendant had shown a plain error, but we did not vacate the defendant's conviction because the third prong of plain-error review "requires the defendant . . . to demonstrate prejudice." 8 F.4th at 1236. We noted that the U.S. Supreme Court recently held that, in the context of the knowledge-of-status element of 18 U.S.C. § 922(g), "[t]he omission of that *mens rea* element from a plea colloquy . . . does not affect the entire framework within which the proceeding occurs." *Id.* at 1237 (quoting *Greer*, 141 S. Ct. at 2100). Accordingly, we held that a defendant, when challenging a guilty plea, must show that "there is a reasonable probability that he would not have pled guilty" had the error not occurred. *Id.* at 1238 (quoting *Greer*, 141 S. Ct. at 2097).

Mendoza-Pineda has not shown prejudice here. The firearms in question were in the master bedroom closet of Mendoza-Pineda's apartment. Mendoza-Pineda admitted to law

enforcement agents that he brokered drug deals for his co-defendant. In his opening brief, he asserts that he "would not have pleaded guilty and would have insisted on going to trial." However, we cannot take this mere assertion as proof of a reasonable probability. Accordingly, we cannot conclude that the district court committed plain error that affected Mendoza-Pineda's substantial rights.

B.

Mendoza-Pineda's second argument on appeal is that the district court plainly erred because there was no independent factual basis for the plea. Before entering judgment on a guilty plea, a district court must first "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990). In other words, "'there must be evidence from which a court could reasonably find that the defendant was guilty,' and 'uncontroverted evidence of guilt' is not required." *United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014) (quoting *United States v. Owen*, 858 F.2d 1514, 1516–17 (11th Cir. 1988)).

Here, the district court could have reasonably found based on the evidence presented that Mendoza-Pineda was guilty of Count Six. Mendoza-Pineda argues that the stipulated facts are a mere conclusory statement of the offense. However, the stipulated

facts establish that the defendant possessed in his apartment drugs, drug paraphernalia, and several firearms. From these facts, the district court could reasonably find that he was guilty of Count Six, even if this evidence does not prove guilt beyond a reasonable doubt.

Additionally, we cannot say based on this record that any deficiency in the factual basis for Count Six affected Mendoza-Pineda's substantial rights. Because Mendoza-Pineda did not raise this issue before the district court, we review this challenge for plain error. While he contends that the alleged error requires automatic reversal, the omission of a Rule 11 requirement alone does not warrant automatic reversal. *Coats*, 8 F.4th at 1236–38. Mendoza-Pineda does not argue in his briefs that the alleged deficiencies in the stipulated facts caused him to plead guilty rather than go to trial. Accordingly, we cannot conclude that the district court plainly erred.

## II.

Mendoza-Pineda's final argument on appeal is that the district court should have dismissed Count Six as duplicitous. However, as the Government notes, this argument is barred by both the defendant's guilty plea and the appeal waiver contained in the plea agreement. A defendant's knowing, voluntary, and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998). Mendoza-Pineda's argument that the indictment was duplicitous is a non-jurisdictional defect that he waived by entering an

12                    Opinion of the Court                    19-14043

unconditional plea. *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam).

Accordingly, we affirm Mendoza-Pineda's conviction on Count Six.

**AFFIRMED.**