*615 COX, Circuit Judge:
The issue presented in this case is apparently one of first impression: whether, as applied to a defendant smuggling aliens, the “bring and present” requirement of 8 U.S.C. § 1324(a) (2) (B) (iii) violates the Fifth Amendment’s privilege against self-incrimination. That requirement imposes a duty on individuals transporting international passengers to “bring and present” those passengers to appropriate immigration officers at a designated point of entry immediately upon arrival into the country. We hold that the statute does not violate the defendant’s privilege against self-incrimination.[1]
I. BACKGROUND & PROCEDURAL HISTORY
A federal grand jury indicted Oneche Garcia-Cordero on various charges arising out of his attempt to smuggle thirty-five undocumented aliens into the United States from Cuba. The indictment contains: one count of conspiracy to encourage and induce aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(l)(A)(v)(I) (Count I); thirty-five counts of encouraging and inducing aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(l)(A)(iv) (Counts 2-36); thirty-five counts of bringing aliens to a place other than a designated point of entry in violation of 8 U.S.C. § 1324(a)(2)(B)(iii)‘ (Counts 37-71); and one count of attempting to reenter as a removed alien in violation of 8 U.S.C. § 1326(a) (Count 72).
Garcia-Cordero moved to dismiss Counts 37-71 before trial, arguing that the statute’s requirement that aliens be brought immediately before and presented to immigration officials upon arrival at the border violated his Fifth Amendment privilege against self-incrimination. The Government contended that Garcia-Cordero’s motion was premature and without merit. The district court referred the motion to a magistrate judge. Garcia-Cordero conceded that the motion presented an “as applied” challenge to the statute, and as a result, should await a factual record to be developed at trial. Accordingly, the magistrate judge recommended that the motion be denied without prejudice to renew after trial, or alternatively, that the resolution of the motion be deferred until after trial.
After a bench trial, the district court convicted Garcia-Cordero on all counts. Garcia-Cordero then renewed his motion to dismiss Counts 37-71. The district court assumed, without deciding, that the act of bringing and presenting aliens to the appropriate border officials would “otherwise be sufficiently testimonial, incriminating, and compelled to qualify for the privilege.” (R.l-71 at 4.) Nevertheless, the district court denied his motion, holding that the bring and present requirement of the statute “is part of a regulatory regime *616 constructed to effect public purposes unrelated to the enforcement of criminal laws and that, as a result, [] Garcia-Cordero cannot invoke the Fifth Amendment privilege to resist prosecution for non-compliance.” (Id.) Garcia-Cordero appeals.
II. CONTENTIONS OF THE PARTIES
Garcia-Cordero contends that requiring persons who have smuggled aliens into the country to bring and present those aliens to an immigration official at a designated port of entry violates the right against self-incrimination contained in the Fifth Amendment. The Government responds that the bring and present requirement of the statute is outside the ambit of the privilege because it is part of a broader scheme of immigration law. In other words, the requirement is part of a noncriminal regulatory scheme not directed at persons suspected of committing a crime. Therefore, according to the Government, the privilege is not implicated. Alternatively, the Government contends that even if the statute does not fall within the regulatory scheme exception to the privilege, the district court’s order should be upheld because the physical presentation of aliens is not testimonial, and the disclosure is not incriminatory.
III. STANDARD OF REVIEW
We review de novo whether a statute is unconstitutional as applied. United States v. Evans, 476 F.3d 1176, 1178 (11th Cir.2007) (citation omitted).
IV. DISCUSSION
8 U.S.C. § 1324, entitled “Bringing in and harboring certain aliens,” makes it a crime for,
[a]ny person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien.
Id. § 1324(a)(2). If “the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry,” the statute provides for an increased penalty. Id. § 1324(a)(2)(B)(iii) (emphasis added).
Under the Fifth Amendment, “[n]o person ... shall be compelled in any criminal case to be a witness against himself.” U.S. Const, amend. V. The privilege only applies “when the accused is compelled to make a testimonial communication that is incriminating.” Baltimore City Dep’t of Soc. Servs. v. Bouknight, 493 U.S. 549, 554, 110 S.Ct. 900, 904, 107 L.Ed.2d 992 (1990) (internal quotations and citations omitted). “When the government demands that an item be produced, the only thing compelled is the act of producing the item. The Fifth Amendment’s protection may nonetheless be implicated because the act of complying with the government’s demand testifies to the existence, possession, or authenticity of the things produced.” Id. at 554-55, 110 S.Ct. at 905 (internal quotations and citations omitted). However, Congress may in some instances, without violating the privilege, require individuals to report information to the government which may incriminate the individual. The Supreme Court “has on several occasions recognized that the [ ] privilege may not be invoked to resist compliance with a regulatory regime constructed to effect the State’s public purposes unrelated to the enforcement of its criminal laws.” Id. at 556, 110 S.Ct. at 905. Therefore, the question here is whether the bring and present require *617 ment falls within the regulatory regime exception.
The Supreme Court has held that statutes may violate the privilege if “directed at a highly selective group inherently suspect of criminal activities,” Albertson v. Subversive Activities Control Bd., 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965), and it has identified several areas permeated with criminal statutes in which a defendant is inherently suspected of criminal activities. For example, in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), the Court considered whether laws requiring registration to engage in wagering activities violated the privilege. Federal and state law widely prohibited gambling at the time the case was decided. Marchetti, 390 U.S. at 44, 88 S.Ct. at 700. Because “every portion of these requirements had the direct and unmistakable consequence of incriminating petitioner,” Id. at 49, 88 S.Ct. at 703, the Court held that compelling the defendant to comply with the registration requirements violated the privilege. See also Albertson, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965) (holding that a law requiring registration of membership in the Communist Party violated the privilege); Haynes v. United States, 390 U.S. 85, 96, 98-99, 88 S.Ct. 722, 730-31, 19 L.Ed.2d 923 (1968) (holding that a law requiring firearm registration violated the privilege because the law was aimed “principally at those persons who have obtained possession of a firearm without complying with the [law’s] other requirements, and who therefore are immediately threatened by criminal prosecutions” and because the requirement involved an issue “permeated with criminal statutes,” not “an essentially noncriminal and regulatory area of inquiry”); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) (invalidating a law requiring registration of marijuana dealers). Garcia-Cordero argues that his ease is analogous to this line of cases. The determinative issue, he contends, is whether his compliance with § 1324(a)(2)(B)(iii) would have made him vulnerable to prosecution. He says that it would, arguing that compliance with the statute would furnish a link in the chain of evidence that would be used to prosecute him for alien smuggling.
The Supreme Court has held, however, that the privilege may not be asserted to avoid complying with a regulatory regime. In California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971), the Court held that a statute requiring a driver involved in an accident to exchange names and addresses with the driver of the other vehicle did not violate the privilege even when complying with the statute could expose the driver to criminal charges. In contrast to the cases Garcia-Cordero cites, where “the disclosures condemned were only those extracted from a highly selective group inherently suspect of criminal activities and the privilege was applied only in an area permeated with criminal statutes,” id. at 430, 91 S.Ct. at 1539 (quotations and citations omitted), the statute at issue in Byers “was not intended to facilitate criminal convictions but to promote the satisfaction of civil liabilities.” Id. Importantly, the law in that case was directed at all drivers. See also United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927) (holding that requirement compelling individuals to file income tax return does not violate the privilege, even when doing so may expose criminal activity); Bouknight, 493 U.S. at 561, 110 S.Ct. at 908 (holding that the privilege does not protect a mother against a court order requiring her to deliver her child to social services). These cases stand for the proposition that the “privilege may not be invoked to resist compliance with a regulatory regime constructed *618 to effect the State’s public purposes unrelated to the enforcement of its criminal laws.” Id. at 556,110 S.Ct. at 905.
“Tension between the State’s demand for disclosures and the protection of the right against self-incrimination is likely to give rise to serious questions. Inevitably these must be resolved in terms of balancing the public need on the one hand, and the individual claim to constitutional protections on the other.” Byers, 402 U.S. at 427, 91 S.Ct. at 1537. Here, we must balance these competing interests in the context of the bring and present requirement.
In general, immigration law is more properly classified as regulatory rather than criminal. Rajah v. Mukasey, 544 F.3d 427, 442 (2d Cir.2008). While there are certainly “some crimes related to immigration violations ... the level of criminal regulation in immigration matters is far less, and almost of a different order from that which governs those areas where reporting requirements have been struck down.” Id. The Government correctly asserts that identifying and questioning individuals who enter our country is essential to controlling our borders, which is a critical national security issue. United States v. McDowell, 250 F.3d 1354, 1362 (11th Cir.2001) (noting that the federal government has the responsibility to police national borders); United States v. Moya, 74 F.3d 1117, 1119 (11th Cir.1996); United States v. Lueck, 678 F.2d 895, 899 (11th Cir.1982).
The “bring and present” requirement of § 1324(a)(2)(B)(iii) is part of the federal regulatory scheme through which the government controls our national borders. It “applies to all persons transporting aliens to the United States — irrespective of whether those aliens have received prior authorization, and irrespective of the transporters’ knowledge regarding such authorization.” (R.l-71 at 9-10.) The statute demands that every person bringing an alien to, or providing a means for an alien to come to, the United States prevent the alien from entering the country at any port of entry not designated by the Attorney General or immigration officers. 8 U.S.C. § 1321(a). We agree with the district court that it “does not target a highly selective group inherently suspect of criminal activities.” (R.l-71 at 10 (quotation and citation omitted).) The statute imposes the bring and present requirement on all who transport aliens to this country— not just those who do so illegally. On its face, it does not seek the admission of incriminating information.
The concern expressed in Albert-son, Marchetti, Haynes, and Leary, that the disclosure requirements were imposed on highly selective groups, does not apply here. Instead, as the district court noted, this case is similar to Sullivan, Byers, and Bouknight, in the respect that in all of these cases, the disclosure requirements were part of broader civil regulatory schemes and applied to broad groups, and the activity required to be disclosed was not inherently illegal. “[T]he fact that incriminating evidence may be the byproduct of obedience to a regulatory requirement ... does not clothe such required conduct within the testimonial privilege.” U.S. v. Hubbell, 530 U.S. 27, 35, 120 S.Ct. 2037, 2043, 147 L.Ed.2d 24 (2000) (footnotes omitted). We hold that the reporting requirement in this case falls in the same category.
V. CONCLUSION
Accordingly, the district court did not err in finding that “the privilege against self-incrimination does not protect [Garcia-Cordero] from prosecution for failing to comply with the bring and present re *619 quirement, even though his compliance might have been incriminating.” (R.l-71 at 12.)[2]
AFFIRMED.

. After oral argument, we requested supplemental briefing on the issue of ripeness. After consideration, we conclude that the issue presented is sufficiently ripe for our review.
"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.” Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998) (quotation and citation omitted). Here, however, the injury to Garcia-Cordero is not speculative. He was charged by indictment and convicted of violating the statute which he challenges. So, Garcia-Cordero has already suffered injury, and his claim is ripe for review. The circumstances of this case are similar to those in California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971), where the Supreme Court did not address ripeness directly, but it reached the merits of a Fifth Amendment claim of a defendant who failed to comply with a reporting statute and was charged with violating that statute.

. Because we find that the privilege is inapplicable because of the regulatory scheme exception, it is unnecessary for us to address the Government's arguments that the physical presentation of aliens is not testimonial and the disclosure is not incriminatory.