[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 24, 2010
JOHN LEY
CLERK

_____

No. 10-11987
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20982-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURO WOJCIKIEWICZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 24, 2010)

Before BLACK, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Mauro Wojcikiewicz pleaded guilty to possession of unregistered firearms,

in violation of 26 U.S.C. § 5861(d), and transferring unregistered firearms, in

violation of 26 U.S.C. § 5861(e).  In appealing his convictions, Wojcikiewicz argues that his conduct did not constitute a crime under the plain meaning of 26 U.S.C. §§ 5845(c) and 5861(d), and alternatively that these statutes are unconstitutionally ambiguous as applied in this case.  He also argues that the plea colloquy failed to establish that he committed the charged offenses.  After a thorough review of the record and the parties' briefs, we affirm Wojcikiewicz's convictions.

I.

Wojcikiewicz argues for the first time on appeal that his conduct did not constitute a crime because he did not possess or transfer a rifle within the definition provided by the National Firearms Act.  See 26 U.S.C. § 5845(c).  We normally review *de novo* the district court's interpretation of criminal statutes, see United States v. Krawczak, 331 F.3d 1302, 1305 (11th Cir. 2003), but "we review issues not properly raised before the district court, such as the instant one, for plain error."  United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir. 2009).  In this case, however, we conclude that Wojcikiewicz has waived this argument altogether by pleading guilty.

"A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant."

2

United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986) (quotation marks omitted). "Whether a claim is 'jurisdictional' depends on 'whether the claim can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings.'" United States v. Tomeny, 144 F.3d 749, 751 (11th Cir. 1998) (quoting United States v. Caperell, 938 F.2d 975, 977–78 (9th Cir. 1991)). A "sufficiency of the evidence challenge is non-jurisdictional and thus waived." United States v. Ternus, 598 F.3d 1251, 1254 (11th Cir. 2010).

Section 5861(d) of Title 26 of the United States Code makes it unlawful for any person to "possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." Section 5845(a) then defines "firearm" to include "a rifle having a barrel or barrels of less than 16 inches in length." The term "rifle" is further defined by § 5845(c) as

> a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

Wojcikiewicz argues that he did not possess or transfer a rifle within the definition provided in § 5845(c) because he only possessed and transferred two of

3

each of the following disassembled rifle parts: lower receiver, upper receiver with attached barrel, trigger assembly, pistol grip, and buffer tube. He argues that these parts could not "be readily restored to fire a fixed cartridge," and that even if they could the weapons still could not be "fired from the shoulder" because the parts did not include the rifle stocks. But these facts setting forth the specific rifle parts that Wojcikiewicz possessed and transferred do not appear on the face of the indictment or anywhere else in the record at the time of the guilty plea. Instead, the indictment charged that Wojcikiewicz possessed and transferred "two . . . rifles," and he admitted at the change of plea hearing to having possessed and transferred "two disassembled . . . rifles." Because Wojcikiewicz's claim cannot "be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings," we must conclude that his challenge to his convictions is non-jurisdictional and has therefore been waived by his guilty plea. Tomeny, 144 F.3d at 751 (quotation marks omitted); see also United States v. Willis, 992 F.2d 489, 491 (4th Cir. 1993) ("By pleading guilty, [the defendant] relinquished his right to contest the meaning of 'firearm' or to challenge the sufficiency of the evidence presented as a factual basis for his guilty plea.").

## II.

4

In the alternative, Wojcikiewicz also argues for the first time on appeal that his convictions violate the Due Process Clause of the Fifth Amendment because §§ 5845(c) and 5861(d) are unconstitutionally vague as applied to him. "We review *de novo* whether a statute is unconstitutional as applied." United States v. Garcia-Cordero, 610 F.3d 613, 616 (11th Cir. 2010). However, we review constitutional challenges not raised before the district court only for plain error. See United States v. Smith, 459 F.3d 1276, 1282–83 (11th Cir. 2006). To reverse a conviction under plain error review "there must be (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 1283 (quotation marks omitted). But this Court may exercise its discretion to correct such an error "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Wojcikiewicz argues that the phrase "readily restored" is vague and ambiguous as applied to the facts of his case. He asserts that there is no evidence that the parts ever existed in the form of a rifle, and therefore they could not be

5

"restored" to that form. He further argues that the parts could not be "readily restored" because they could not be quickly assembled. We have held that a partially disassembled rifle may fit within the definition set forth in § 5845(c), at least where the parts could be restored to operable condition "with only a minimum of effort." United States v. Kent, 175 F.3d 870, 874 (11th Cir. 1999). Wojcikiewicz insists that his case is distinguishable from Kent, because more than "a minimum of effort" would be required to assemble the rifles in this case. But he has waived this argument by pleading guilty, because the facts he relies on to establish the difficulty of assembling the rifles do not appear on the face of the indictment or in the record at the time of his guilty plea. Similarly, neither the indictment nor the record establishes that the rifles had not previously been assembled. To the contrary, during the change of plea hearing, Wojcikiewicz admitted to possessing and transferring two "disassembled . . . rifles." For a rifle to be "disassembled," it must previously have been assembled. On the basis of the indictment and the record at the time of the guilty plea, and in light of our holding in Kent, we conclude that Wojcikiewicz cannot establish that the district court plainly erred in failing to determine that the term "readily restored" was unconstitutionally vague as applied to the two "disassembled . . . rifles" in this case.

III.

Wojcikiewicz also argues for the first time on appeal that the factual basis of his plea was insufficient to establish the offenses charged as required by Federal Rule of Criminal Procedure 11(b)(3). Specifically, he argues that the plea colloquy failed to establish (1) that the rifles could be "readily restored to fire," (2) that the parts at one time existed as assembled rifles, (3) that the assembled weapons could be fired from the shoulder, and (4) that he knew the parts were a rifle within the meaning of § 5845(c). "The district court's implicit factual finding that the requirement of Rule 11 was satisfied when it accepted the defendant['s] guilty pleas is subject to the clearly erroneous standard of review." United States v. Houser, 70 F.3d 87, 89 (11th Cir. 1995). "The district court's decision to accept a guilty plea will not be overturned unless there has been an abuse of discretion." Id. at 90. But in this case we review that decision only for plain error, because Wojcikiewicz did not raise these arguments before the district court. Ternus, 598 F.3d at 1254.

As stated above, we have previously held in Kent that a disassembled rifle can under some circumstances fit within the definition set forth in § 5845(c). 175 F.3d at 874. As such, it was not plain error for the district court to conclude that "disassembled rifles" could be "readily restored to fire." Wojcikiewicz's

7

admission that he possessed and transferred "two disassembled DPMS, Model A-15, 5.56 millimeter rifles" also forecloses his other three challenges to the sufficiency of the plea colloquy. As explained above, Wojcikiewicz's claim that there was no basis for concluding that the parts had previously existed as rifles is belied by his own admission that the rifles were "disassembled." Similarly, his argument that there was no basis for finding that the weapons could be "fired from the shoulder" and that he knew that the parts constituted a "rifle" as defined by § 5845(c) are undone by his admission that he possessed "two disassembled . . . rifles," as opposed to merely the incomplete parts of those weapons. We therefore conclude that the district court did not commit plain error in accepting Wojcikiewicz's guilty plea.

For these reasons, Wojcikiewicz's convictions are AFFIRMED.