[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10898

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIM LUNDI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20075-RNS-1

_____

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jim Lundi appeals his conviction for sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2), challenging the district court's denial of his motion to withdraw his guilty plea. He argues that he did not receive close assistance of counsel because his counsel did not discuss the U.S. Sentencing Guidelines range with him and his plea was not knowing and voluntary. He also argues that the district court erroneously excluded rape shield evidence under Federal Rule of Evidence 412 in violation of his Sixth Amendment right to confront and cross-examine a witness against him. For the reasons stated below, we affirm.

## I.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Buckles*, 843 F.2d 469, 471, 474 (11th Cir. 1988). The district court may be reversed only if its decision is arbitrary or unreasonable. *Id.* at 471. A defendant seeking to withdraw his guilty plea after its acceptance by the district court, but prior to sentencing, must show that there is a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of the circumstances surrounding

the plea, including whether: (1) "close assistance of counsel was available"; (2) "the plea was knowing and voluntary"; (3) "judicial resources would be conserved"; and (4) "the government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d at 471–72. If the defendant does not satisfy the first two factors, we need not give considered weight to the third and fourth factors, i.e., whether judicial resources would be conserved or whether the government would be prejudiced. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). A district court need not find prejudice to the government before it can deny a defendant's motion to withdraw. *Buckles*, 843 F.2d at 474.

Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show that his statements under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Further, a mere declaration of innocence does not entitle a defendant to withdraw his guilty plea. *Buckles*, 843 F.2d at 472. We may also consider the timing surrounding the motion to withdraw, as a "swift change in heart" may indicate that a plea was entered in haste and confusion. *See Gonzalez-Mercado*, 808 F.2d at 801 (quoting *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975) (en banc)); *see also Buckles*, 843 F.2d at 473 ("The longer the delay between the entry of the plea and the motion to withdraw it,

the more substantial the reasons must be as to why the defendant seeks withdrawal.").

We have recognized that "[a]ll pleas of guilty are the result of some pressures or influences on the mind of the defendant." *Buckles*, 473 F.2d at 472 (quoting *Schnautz v. Beto*, 416 F.2d 214, 215 (5th Cir. 1969)). Accordingly, "[a] defendant cannot complain of coercion [by his counsel] where the attorney, employing his best professional judgment, recommends that the defendant plead guilty." *Id.* Further, we have considered whether the district court assessed the competency of representation and found it to be adequate in evaluating whether a defendant received close assistance of counsel. *See United States v. Freixas*, 332 F.3d 1314, 1318–19 (11th Cir. 2003).

Rule 11 of the Federal Rules of Criminal Procedure "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015) (quoting *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000)). "That inquiry 'must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *Id.* (quoting *Hernandez-Fraire*, 208 F.3d at 949). We have rejected a defendant's argument that his plea was involuntary because he did not understand the severity of the sentence under the plea agreement where it was

"clear from the transcript of the plea hearing" that he had been informed that "he could not rely on his counsel's prediction of his sentence, . . . the crime to which he pleaded guilty had a mandatory minimum sentence of ten years and a maximum of life imprisonment, and . . . the sentence actually imposed" might differ from any estimate that he had received, including from his attorney. *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (rejecting the defendant's allegations of ineffective assistance of counsel during the plea proceeding).

"We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Notably, "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate, i.e., in a section of his brief that is demarcated by a boldface heading or by some equivalent notation," devoting "a discrete, substantial portion of his argumentation to that issue." *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). A defendant's knowing and voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998).

Here, Lundi has abandoned any challenge to the district court's denial of his motion under Rule 412 by engaging in only a passing reference to that issue. Indeed, to the extent Lundi has presented any argument as to that issue, he has done so in a

perfunctory manner.   In any event, he cannot argue on appeal that the district court's ruling on the admissibility of his Rule 412 evidence deprived him of constitutional rights because his guilty plea waived the right to appeal all non-jurisdictional defects in the proceedings.  *Tomeny*, 144 F.3d at 751.

Additionally, the district court did not abuse its discretion in denying his motion to withdraw his plea because he received close assistance of counsel throughout the proceedings and his counsel employed his best professional judgment in advising Lundi to plead guilty.  Further, Lundi's plea was both knowing and voluntary because the district court specifically and repeatedly informed him that it would use the Sentencing Guidelines to fashion a sentence between ten years' imprisonment and life, it could vary or depart from the Guidelines range, and any estimates made by counsel were not binding on the court.  Accordingly, we affirm.

**AFFIRMED.**